## No. 26169

## The People of the State of Colorado v. Eufemio Euresti, Jr.
(529 P.2d 1319)

Decided January 6, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Gregory L. Williams, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Roger A. Klein, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant was convicted of first-degree assault in violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-202, and was sentenced to the state penitentiary for a term of not less than fifteen nor more than forty years. He appeals pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-509, which allows appellate review of sentences for felony convictions, other than class 1 felonies, where the minimum sentence imposed exceeds the statutory minimum by more than three years. First-degree assault is a class 3 felony and is punishable by imprisonment of not less than five nor more than forty years. 1971 Perm. Supp., C.R.S. 1963, 40-1-105. We affirm the sentence.

Appellant's conviction arose out of the following events. On the evening of November 9, 1972, appellant forcibly broke into an apartment occupied by a young woman. He forcibly raped her and then viciously assaulted her, stabbing her with a screwdriver about the head and face, inflicting numerous wounds, disfiguring her, and permanently blinding her in one eye. The assault was motivated by appellant's efforts to conceal his identity and to prevent his victim from identifying him as the assailant.

Appellant was thereafter arrested and charged with first-degree assault, rape and first-degree burglary, to which he initially pled not guilty and not guilty by reason of insanity. He was examined by three state-appointed psychiatrists and a psychiatrist of his own selection. All four doctors reported that in their opinion appellant was sane at the time of the commission of the crime and was competent to stand trial. As a result of plea bargaining, the insanity pleas were withdrawn and appellant pled guilty to first-degree assault. Thereafter, upon motion of the district attorney, the rape and burglary counts were dismissed.

This was appellant's first felony conviction and he was permitted to apply for probation. His application was denied and the sentence of which he complains was imposed by the court.

The sentence was within the authorized limits prescribed for a class 3 felony under section 40-1-105. Appellant contends, however, that both the minimum sentence of fifteen years and the maximum sentence of forty years were excessive and improper in view of the fact that appellant had no significant history of criminal activity and no previous felony convictions.

The medical records and social history which the court had before it showed appellant had only an eighth-grade education and that his intelligence level was below average, described as "low-normal borderline I.Q." He was the product of a migrant worker family and was generally a culturally deprived person. One psychiatrist was of the opinion that appellant's rehabilitative potential was fairly good. The probation department recommended that probation be denied and that, due to the very serious nature and circumstances of the crime, appellant be appropriately sentenced.

We do not view the sentence imposed as excessive or shocking in view of the aggravated circumstances of the crime. We agree with the principle pronounced in the ABA Standards, Sentencing Alternatives and Procedures § 2.2 (1968):

"General principle: judicial discretion.

"The sentence imposed in each case should call for the minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant."

In our view the court in imposing the sentence did so consistent with the foregoing principle, considering the need to protect the public, the gravity of the offense and the rehabilitative needs of the appellant. We therefore decline to grant relief.

The judgment is affirmed.

MR. JUSTICE GROVES does not participate.