## No. 26565

## The People of the State of Colorado v. Ray Dean Campbell
(532 P.2d 945)

Decided March 17, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Thomas J. Tomazin, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Edwin L. Felter, Jr., Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an appeal, under 1971 Perm. Supp., C.R.S. 1963, 40-1-509,[1] from appellant's ten to fifteen-year sentence. Appellant, Ray Dean Campbell, was convicted on one count of assault in the first degree, a class 3 felony, and of a second count of robbery, a class 4 felony, pursuant to his pleas of guilty, which were entered as a result of a plea bargain. Three other felony counts against him were dismissed.

The court sentenced appellant to ten to fifteen years on the assault count and to a concurrent term of not more than ten years on the robbery count. Appellant seeks review only of the ten to fifteen-year assault sentence. The statute authorizes imposition of a term of imprisonment of not less than five years nor more than forty years for the offense of assault in the first degree. We decline to grant appellant relief and therefore affirm the judgment.

The events out of which the felony charges against appellant

---

[1]Now section 18-1-409, C.R.S. 1973.

arose originated in Texas during January 1974. The record establishes that appellant and his codefendant, Dalton Lloyd Williams, committed a burglary in Rotan, Texas, and stole a .22-caliber automatic rifle. On the night of January 16, in Lubbock, Texas, these two men committed an armed robbery at a 7-Eleven store. Accompanied by their respective wives, they drove to Colorado and spent the night of January 18 in a motel in Fort Collins. There, the two men discussed the commission of another robbery. On January 19 the two couples left the motel and proceeded to the Mountain Armory, a store in Fort Collins, where Campbell purchased a box of shotgun shells. With the .22-caliber automatic rifle and the box of shotgun shells in the front seat of the car, appellant drove to Jax's Surplus in Fort Collins. Williams was seated on the passenger side in the front seat and their two wives were seated in the back seat. Campbell drove the automobile.

Upon arriving at Jax's Surplus, Campbell and the two women remained in the car while Williams went into the store. On the pretext of being an interested customer, Williams succeeded in obtaining a shotgun, which he loaded, and then demanded that the clerk surrender the money from the cash register. When the clerk did not cooperate, Williams jumped over the counter, emptied the cash register, and exited the store, entering the car, which then sped away.

A description of the car was telephoned to the police and pursuit of appellant and his confederates thereafter ensued. During the chase, Williams leaned out of his window and fired both the shotgun and the .22-caliber automatic rifle at the pursuing officers. The sheriff's vehicle was hit approximately twenty-five times by shots fired by Williams. At one point the left front tire of the vehicle was shot out and thereafter pursuit was made in a Colorado State Patrol vehicle, which was also hit approximately five times by gunshots from appellant's vehicle.

Eventually, the bandits' vehicle spun out of control and hit a snowbank. All four fled the scene in different directions. Appellant was captured and shortly thereafter the three remaining confederates surrendered to the officers.

In addition to the foregoing information concerning the course of criminal conduct in which appellant was a principal perpetrator, the court had before it the probation and presentence report,

which contained a detailed social history of appellant, including his past criminal record of two felony convictions in Texas for theft and forgery, for which he served terms with the Texas Department of Corrections.

Appellant urges that we reduce the minimum and maximum sentence imposed against him, arguing that the sentence is excessive; that the excessiveness interferes with the principles of indeterminancy and thereby defeats the effectiveness of the parole system; and that the sentence fails to make any provision for the possibility of rehabilitation.

We do not view the sentence as being excessive in light of appellant's active participation in the planning and execution of the crimes, and the violence involved in the attempt to flee the scene of the crimes and avoid capture by law enforcement officers. We agree with the trial court's observation that it is miraculous, in view of the many gunshots fired at the officers during the chase, that appellant and his confederates were not faced with murder charges. These circumstances, taken together with appellant's past criminal record, certainly warranted a substantial sentence. We do not regard the ten to fifteen-year term, which is within the range and at the lower end of permissible sentences that might be lawfully imposed, as unwarranted or excessive.

No abuse of discretion has been shown by the court in imposing the sentence. The record of the providency hearing indicates that the court carefully considered the evidence, the pleas of appellant, his counsel, and that made on his behalf by his codefendant, Williams, to the effect that the primary blame for the violent criminal conduct was his and not appellant's.

Applying the general sentencing principle approved by this Court in *People v. Euresti,* 187 Colo. 266, 529 P.2d 1319, we cannot say that the sentence here departs from that principle, considering the need to impose a minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the appellant. We therefore decline to grant the relief prayed for.

The judgment is affirmed.