**No. 26035**
**No. 25992**

## The People of the State of Colorado v. Donald Strong

(544 P.2d 966)

Decided January 19, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant, Donald Strong, pleaded guilty to the crime of burglary in the first degree, in violation of 1965 Perm. Supp., C.R.S. 1963, 40-3-5,[1] and was sentenced to the state penitentiary to a term of eighteen to twenty years. Pursuant to section 18-1-409, C.R.S. 1973, he now appeals his sentence. We have concluded that the sentence is excessive and should be reduced. Accordingly, we reverse and remand to the district court for the imposition of a new sentence.

I.

The burglary occurred on January 15, 1972. A Denver resident reported that her home had been broken into and a television set and other household items stolen. Police investigation led to the arrest of appellant. Appellant's plea of guilty in this case resulted in the dismissal of two other

---

[1] Since repealed and re-enacted as sections 18-4-202 and 203, C.R.S. 1973.

burglary charges then pending against him and dismissal of a further charge of attempted burglary. In these other burglaries he was alleged to have stolen a stereo set, a .25-caliber automatic weapon, two diamond rings, some tools, and some automobile accessories.

Following his guilty plea, the trial judge repeatedly delayed sentencing while appellant was put on probation and placed in a drug program and, later, in a Denver County jail work release program. Though apparently maintaining a cooperative attitude, appellant failed to abide by the rules of the work release program. The court's patience was eventually exhausted and a sentencing hearing held, at which the challenged sentence was imposed, no credit being given for the time appellant had already spent in jail.

## II.

The process of appellate review of the propriety of a sentence was examined in much detail by this court in *People v. Duran*, 188 Colo. 207, 533 P.2d 1116, wherein the criteria set forth in section 18-1-409, C.R.S. 1973, and in the *ABA Standards Relating to Appellate Review of Sentences*, were discussed and considered. The legislative act not only permits but also directs us to mandate the correction of a sentence excessive in length, having due regard for the protection of the public interest, the nature of the offense, and the character of the offender as it relates to the probability of his rehabilitation.

In *Duran, supra*, we acknowledged that sentencing is a difficult process and, as numerous studies have indicated, at best an imperfect one, involving the exercise of the sound discretion of the sentencing judge.[2] In deciding what sentence is most appropriate, the trial judge must attempt to work out a fair accommodation between the need to protect society at large and to deter potential offenders, to punish the convicted offender, and to rehabilitate him. Of necessity, therefore, the trial judge has wide latitude in imposing sentence, *Rochon v. People*, 134 Colo. 448, 306 P.2d 1080, and a sentence will not be modified unless there has been a clear abuse of discretion. *People v. Duran, supra; People v. Campbell*, 188 Colo. 79, 532 P.2d 945; *People v. Euresti*, 187 Colo. 266, 529 P.2d 1319; *People v. Carter*, 186 Colo. 391, 527 P.2d 875.

A long sentence may sometimes be justified on the basis of the depravity of the crime for which the defendant has been convicted. Thus, in *People v. Euresti, supra*, we upheld the fifteen to forty-year sentence of a defendant who had no prior criminal convictions, where he had bru-

---

[2] W. Gaylin, *Partial Justice* (1974); L. Orland & H. Tyler, Jr. (eds.), *Justice in Sentencing: Papers and Proceedings of the Sentencing Institute for the First and Second United States Judicial Circuits* (1974); R. Dawson, *Sentencing: The Decision as to Type, Length, and Conditions of Sentence* (1969); National Council on Crime and Delinquency, *Guides for Sentencing.* (1957).

tally raped and assaulted his victim. A long or even maximum sentence may also be justified where the defendant's past record reveals repeated convictions and where the public safety can only be assured if the offender is confined, *see, e.g., People v. Campbell, supra; People v. Pauldino,* 187 Colo. 61, 528 P.2d 384. And, of course, where a vicious or serious crime is committed by a hardened criminal, the need for a maximum or near-maximum sentence may be clearer still. Such was the case in *Duran, supra,* involving a criminal whose propensities had been amply demonstrated since age ten and whose conviction arose out of an armed robbery. *See also People v. Alvarez,* 187 Colo. 290, 530 P.2d 506.

■ Any imposition of the maximum or close to the maximum penalty must be supported by sound reasons in the record for, as pointed out in *Duran, supra,* "[a] sentence that is too long * * * tends to reinforce the criminal tendencies of the convicted defendant."

The statute of which appellant was convicted provides for a minimum sentence of not less than five years, and a maximum of not more than twenty years. An eighteen to twenty-year sentence is manifestly a severe one. It is in effect a maximum sentence. We therefore examine the record to determine if the circumstances justify its imposition.

### III.

■ Appellant's social history shows that he was born in 1936 and was thirty-six years old at the time of sentencing. He had a minimal level of education and had held no steady job. He had no juvenile record. His only prior conviction had occurred in Wyoming, where he served a fifteen-month prison term on a burglary charge. Appellant had also been arrested, though never convicted, in connection with the investigation of the illegal use of drugs. There is evidence that at least for a time he was a drug addict. Apellant's record of nonachievement led a representative of the Denver probation department to characterize appellant as a "born loser." Appellant's record, however, did not demomstrate involvement in violent crimes, and the present offense of which he was convicted was without any aggravating circumstances. Although appellant had been convicted of one prior burglary, the record does not support the conclusion that he was a hardened criminal without hope of rehabilitation.

Appellant has demonstrated that he is not an apt candidate for probation, and surely should be punished. But, on the other hand, his circumstances and the past social history do not in our view require the imposition of a maximum sentence. While being punished, appellant's opportunities for rehabilitation will be enhanced by a reduction in the sentence imposed, and this, in our view, may be accomplished here without eroding the underlying societal need, that of protecting the public interest.

In view of our disposition of this appeal, we deem it unnecessary to consider or discuss appellant's arguments relating to the principle of indeterminancy of sentences. Nor is a discussion required of appellant's conten-

tion that he was denied due process of law in the sentencing proceedings. The latter issue has become moot in the light of our remand.

Accordingly, the judgment is reversed and the cause remanded to the district court, with directions to vacate the sentence and for further proceedings consonant with the views expressed herein.