## No. C-1661

## Oscar Wendall Triggs v. The People of the State of Colorado

(591 P.2d 1024)

Decided March 5, 1979.            Rehearing denied April 2, 1979.

230

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Gene Beville, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Felipe V. Ponce, Assistant, for respondent-appellee.

*En Banc.*

MR. JUSTICE ROVIRA delivered the opinion of the Court.

Petitioner (Triggs) pleaded guilty in two cases to the crime of second-degree burglary, a class three felony, section 18-4-203, C.R.S. 1973, and was sentenced by different judges to concurrent terms of 14 to 20 years at the Colorado State Penitentiary. He appeals these sentences as excessive pursuant to section 18-1-409, C.R.S. 1973. We affirm.

The standards for appellate review of sentences were presented in great detail in *People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975), and *People v. Strong,* 190 Colo. 189, 544 P.2d 966 (1976). To summarize those standards: first, sentencing is by nature a discretionary decision; second, the interests of both society and the defendant must be considered; third, rehabilitation is preferred but, if it is not feasible under the facts of the case, the deterrence of others and the protection of society are legitimate goals to pursue in sentencing; fourth, long sentences are justified on any of three bases — the depravity of the offense, the gravity of the offense committed by a hardened criminal, or the assurance of public safety given the recidivism of the defendant; fifth, sentencing requires an *ad hoc* analysis of the factual backgrounds of both the defendant and the particular offense for which he has been convicted; sixth, the trial court is a better arbiter of the facts than the appellate court because of its greater familiarity with the defendant and with the details of the offense; finally, the trial

court's decision will not be modified absent a clear abuse of discretion.

■ The issue in an appellate review of sentencing, therefore, is whether or not the trial court's wide latitude is marked by a clear abuse of discretion. That determination necessarily involves a thorough review of the record.

The petitioner is a 23-year-old admitted heroin addict with an extensive juvenile and adult criminal record. Although he has never been convicted of a crime of violence, he has been convicted of burglary and carrying a concealed weapon as a juvenile and second-degree forgery and first-degree criminal trespass as an adult. The petitioner committed the last offense while on parole. He had never attempted to obtain drug rehabilitation until immediately before the imposition of sentences in this case.

■ The petitioner argues that *Strong, supra,* is dispositive of this case because of the similar factual situation. We disagree. The defendant in *Strong* had only one prior conviction and was 36 years old. Triggs has four prior convictions and is 23 years old. The defendant in *Strong* could have been sentenced to a term of from five to twenty years; he was sentenced to a term of eighteen to twenty years, in effect a maximum sentence. Petitioner could have been sentenced to consecutive terms of five to forty years; he was sentenced to concurrent terms of fourteen to twenty years, far less than the maximum.

The facts in *Strong* are clearly distinguishable from those of the instant case. The petitioner's recidivistic past, the commission of a crime while on parole, and his apparent disinclination to pursue any rehabilitative avenues justify the imposition of the sentences in this case.

We affirmed the judgments.