**No. 79SA427**

**The People of the State of Colorado v. Leroy Cunningham**

(614 P.2d 886)

Decided August 5, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Kathleen M. Bowers, Assistant Attorney General, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Terri L. Brake, Deputy, for defendant-appellant.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

In November 1977, the defendant was charged in a five-count information with two counts of first-degree assault,[1] one count of aggravated robbery,[2] and two habitual criminal counts.[3]

After initially entering pleas of not guilty, the defendant entered a plea of guilty to one count of first-degree assault and one count of aggravated robbery.[4] The remaining counts were dismissed on the motion of the district attorney.

On November 8, 1978, the trial court sentenced the defendant to concurrent terms of not less than 28 nor more than 40 years on the counts of first-degree assault and aggravated robbery.

On appeal, the defendant claims that the sentences are excessive[5] and that he is entitled to resentencing under the presumptive sentencing provisions of the 1977 version of House Bill 1589.[6] We affirm the sentence imposed by the trial court.

I.

The defendant argues: (1) that the concurrent sentences of 28-40 years are excessive in view of his psychiatric problems; and (2) that the trial court did not give proper consideration to the possibility of

---

[1] Section 18-3-202, C.R.S. 1973 (1978 Repl. Vol. 8).
[2] Section 18-4-302, C.R.S. 1973 (1978 Repl. Vol. 8).
[3] Section 16-13-101, C.R.S. 1973 (1978 Repl. Vol. 8).
[4] Prior to accepting the defendant's plea of guilty, the trial court appointed two psychiatrists to examine the defendant for the purpose of determining his competency to proceed. Section 16-8-110, C.R.S. 1973 (1978 Repl. Vol. 8). Both psychiatrists filed reports in which they concluded that the defendant was competent to proceed.
[5] In the circumstances of this case, section 18-1-409, C.R.S. 1973 (1978 Repl. Vol. 8), provides for one appellate review of the propriety of the sentence having regard to the nature of the offense, the character of the offender, the public interest, and the manner in which the sentence was imposed.
[6] Colo. Sess. Laws 1977, ch. 216, 861-888. The defendant's appeal was transferred to this court from the court of appeals pursuant to sections 13-4-102(1)(b) and 13-4-110(1), C.R.S. 1973, because of constitutional issues raised with respect to the 1977 version of House Bill 1589.

rehabilitation, crucial because of the defendant's "tender age of twenty-three years."

There can be no doubt that rehabilitation is an important factor for the trial court to consider when imposing sentence. However, there are other factors to be placed on the scales, and these must be carefully weighed in arriving at a sentence which does justice to both the defendant and society. *Triggs v. People,* 197 Colo. 229, 591 P.2d 1024 (1979); *People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975).

A review of the record discloses that, prior to sentencing, the district attorney and defense counsel had entered into plea discussions and, pursuant to section 16-7-302, C.R.S. 1973 (now in 1978 Repl. Vol. 8), had disclosed their tentative agreement to the trial judge. The trial judge, at the request of counsel and upon their representations of what the presentence report would contain, indicated the range of sentences he would impose on the defendant.[7]

At the time the defendant entered his plea of guilty, he knew what the sentence would be and knowingly accepted that sentence in exchange for the dismissal of one count of first-degree assault, two habitual criminal counts, and another case in which he was charged with aggravated robbery.

The offenses to which the defendant pled guilty were committed on October 16, 1977. Jozef Krawczyk, a cab driver, was approached by the defendant and the defendant's companion, Mark Hatten. The defendant held a knife to the cab driver's head and asked for his money. After obtaining only five dollars, the defendant demanded more money. Krawczyk then attempted to escape, and the defendant stabbed him three times in the back. After Hatten kicked and tripped him, the defendant repeatedly stabbed Krawczyk in the chest.

Two police officers arrived on the scene, and the defendant fled, with Officer Kenny in pursuit. After the officer stopped the defendant and attempted to handcuff him, the defendant struck the officer and stabbed him three times in the side and arm. When other officers arrived on the scene, the defendant held Officer Kenny in front of him, placed a knife at his neck, and released him only on the other officers' command at gunpoint. As a result of the defendant's acts, Krawczyk and Officer Kenny were both hospitalized, and Officer Kenny suffered a partial loss of the use of his left hand.

---

[7] Section 16-7-302, C.R.S. 1973 (now in 1978 Repl. Vol. 8), provides that, although the trial judge shall not participate in plea discussions, he may, upon request of the parties, permit the disclosure to him of the tentative agreement and the reasons for that agreement. The judge may then indicate whether he will concur in the proposed disposition. *See Sober v. District Court,* 197 Colo. 250, 592 P.2d 400 (1979). In the instant case, the propriety of the procedure followed is not before us.

The defendant has prior felony convictions arising from two criminal episodes. In July 1975, he was found guilty by a jury of two counts of aggravated robbery, two counts of felony menacing, and one count of second-degree burglary. In August 1975, in another case, the defendant pled guilty to robbery. In September 1975, he was sentenced to concurrent terms of indeterminate to 15 years for the aggravated robbery, and lesser sentences for the other offenses.

The defendant was paroled 15 months later and was still on parole when he committed the crimes for which he received the sentences which he now claims are excessive.

■ The offenses to which the defendant pled guilty were violent crimes which resulted in serious bodily injury to a citizen and to a uniformed police officer. A civilized society cannot tolerate violence and may, with reason and compassion, take such steps as are necessary to protect its citizens and those whose duty it is to protect them.

■ The trial court gave the defendant ample notice of its intention to impose the 28-40 year sentence. The court repeatedly reminded the defendant of what the sentence would be when it advised him, at the time of the acceptance of his plea of guilty, pursuant to Crim. P. 11. At no time did the defendant or his counsel protest the sentence or raise an objection that the trial court was not properly exercising its discretion in imposing the sentence. The defendant cannot now, after benefitting from the plea bargain, claim that he has been unjustly sentenced.

## II.

■ The defendant also argues that he is entitled to be re-sentenced under the presumptive sentencing provisions of the 1977 version of House Bill 1589. In *People v. McKenna,* 199 Colo. 452, 611 P.2d 574 (1980), this issue was decided contrary to the defendant's position. The arguments now advanced do not persuade us otherwise.

The sentence is affirmed.

CHIEF JUSTICE HODGES does not participate.