## No. 79SA473

## The People of the State of Colorado v. Robert Scott

(615 P.2d 35)

Decided August 18, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, David K. Rees, Assistant Attorney General, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Shelley Gilman, Deputy, for defendant-appellant.

*En Banc.*

JUSTICE QUINN delivered the opinion of the Court.

The defendant, Robert Scott, appeals his sentence to a term of twenty-five to thirty-five years for attempted murder in the first degree on the ground that it is excessive. The defendant also claims entitlement to re-sentencing under the presumptive sentencing provisions of either the 1977 version of House Bill 1589, Colo. Sess. Laws 1977, ch. 216, 18-1-105 at 867, or the 1979 version of House Bill 1589, Colo. Sess. Laws 1979, ch. 157, 18-1-105 at 669. We affirm.

The defendant was charged originally with three counts of criminal attempt to commit murder in the first degree, section 18-2-101, C.R.S. 1973 (1978 Repl. Vol. 8), and three counts of assault in the first degree, section 18-3-202, C.R.S. 1973 (1978 Repl. Vol. 8). The charges arose out of a shooting incident on March 10, 1978, in a tavern in which three separate victims were shot by the defendant at close range.

As a result of plea negotiations the district attorney filed a seventh count charging the defendant with criminal attempt to commit murder in the first degree against two of the three victims, Coyote Lightfeather and

Victor Ehrlich. Upon the defendant's plea of guilty the other six counts were dismissed. The charge to which the defendant pled guilty was a class two felony and, on the date of the offense, carried a penalty of ten to fifty years. Section 18-1-105, C.R.S. 1973 (1978 Repl. Vol. 8).

At the sentencing hearing on November 3, 1978, the court had the benefit of a comprehensive pre-sentence report and also heard testimony from two of the victims shot by the defendant. The court in sentencing the defendant to a term of twenty-five to thirty-five years indicated that it was imposing the sentence because of the extreme injury inflicted upon the three victims, especially on Coyote Lightfeather who had been shot in the head.

The facts of the shooting are not disputed. The defendant, claiming an exchange of harsh words between himself and the victims while they were at a tavern, pulled out a gun and shot Coyote Lightfeather twice in the head, Victor Ehrlich in the back, and a third victim in the hand and back as he ran from the tavern. Mr. Lightfeather required extensive medical treatment and will need continuous treatment in the future. Since the shooting he has only slight feeling on the left side of his body, has experienced seizures, and one bullet still remains lodged in his head. He is unable to work and his disability is apparently permanent. His medical bills as of the date of sentencing exceeded $20,000. The other two victims recovered without significant disability, although they incurred medical bills in excess of $7,000.

## I.

The defendant's claim of excessiveness centers on his lack of any prior felony record, his age of 46 years, and his physical impairment of high blood pressure. We note that, although the defendant had not sustained a felony conviction in the past, he had been arrested and convicted of several misdemeanor offenses, including carrying a concealed weapon on two occasions and assault about two years prior to the shooting in this case.

In determining whether sentence is intrinsically unfair or excessive we must consider its propriety or fairness within the context of the nature of the offense, the character of the offender, and the public interest. Section 18-1-409(1), C.R.S. 1973 (1979 Supp.); *e.g., People v. Warren,* 200 Colo. 110, 612 P.2d 1124 (1980); *People v. Malacara,* 199 Colo. 243, 606 P.2d 1300 (1980); *Triggs v. People,* 197 Colo. 229, 591 P.2d 1024 (1979); *People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975). Although the absence of a prior felony conviction or significant criminal involvement, by itself, certainly may constitute a mitigating factor worthy of consideration by the court, *see* section 16-11-203(2)(g), C.R.S. 1973 (1978 Repl. Vol. 8), it is only one factor and is not conclusive on the sentencing decision. *E.g., People v. Naranjo,* 200 Colo. 1, 612 P.2d 1099 (1980).

■ Likewise, the public interest in safety and deterence, when considered in isolation, might well justify an alternative to sentencing in the case of a first-time offender, at least in crimes not causing or threatening serious harm to the person or property of others. *See* section 16-11-203(2)(a), C.R.S. 1973 (1978 Repl. Vol. 8). Rarely, however, does a given component bearing on the sentencing decision exist in isolation, or lend itself to a measured calculus. The most that can be expected is that the trial judge consider the various factors of the case and arrive at a synthesis which is reflective of the interests of society and the defendant. *See, e.g., People v. Naranjo, supra; People v. Warren, supra; Triggs v. People, supra; People v. Duran, supra.*

■ In recognition of the discretionary nature of sentencing and its intractability to scientific precision, we have required that a sentence for an extended term, as in this case, be clearly justified in the record. *E.g., People v. Watkins,* 200 Colo. 163, 613 P.2d 633 (1980); *People v. Warren, supra; Triggs v. People, supra; People v. Duran, supra.* Here, the record does furnish support for the sentence. The offense was extremely grave in nature and effect. The defendant's shooting of three persons was totally unjustified, unprovoked, and inexcusable, and could easily have resulted in the death of any or all of them. The trial judge noted the aggravated nature of the offense and imposed a sentence close to the median of the applicable statutory extremes. Under the totality of circumstances present here we conclude that the sentence was not excessive. *E.g., People v. Cunningham,* 200 Colo. 303, 614 P.2d 886 (1980); *People v. Naranjo, supra; People v. Warren, supra; Triggs v. People, supra; People v. Duran, supra; People v. Euresti,* 187 Colo. 266, 529 P.2d 1319 (1975).

## II.

■ The defendant also claims that he is entitled to re-sentencing under the presumptive sentencing provisions of either the 1977 version of House Bill 1589, Colo. Sess. Laws 1977, ch. 216, 18-1-105 at 867, or under the 1979 version of House Bill 1589, Colo. Sess. Laws 1979, ch. 157, 18-1-105 at 669. The arguments made by the defendant for re-sentencing were rejected in *People v. McKenna,* 199 Colo. 452, 611 P.2d 574 (1980), and we have consistently adhered to that decision. *E.g., People v. Cunningham, supra; People v. Watkins, supra; People v. Warren, supra.* We decline to address this issue again.

The judgment is affirmed.