## No. 79SA495

## The People of the State of Colorado v. Donald Edward Self
(615 P.2d 693)

Decided August 18, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Susan P. Mele-Sernovitz, Assistant,

for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Shelley Gilman, Deputy, for defendant-appellant.

*En Banc.*

JUSTICE QUINN delivered the opinion of the Court.

The defendant, Donald Edward Self, appeals his sentence for aggravated robbery to a term of ten to twenty years, consecutive to a sentence of fifteen to thirty years he was then serving for another aggravated robbery, on the ground that the sentence is excessive. Aggravated robbery is a class three felony and, on the date of the offense, carried a penalty of five to forty years. He also claims entitlement to re-sentencing under the presumptive sentencing provision of either the 1977 version of House Bill 1589, Colo. Sess. Laws 1977, ch. 216, 18-1-105 at 867 or the 1979 version of House Bill 1589, Colo. Sess. Laws 1979, ch. 157, 18-1-105 at 669.

In *People v. McKenna,* 199 Colo. 452, 611 P.2d 574 (1980), we resolved adversely to the defendant the identical argument for resentencing made here, and we have adhered consistently to that decision. *E.g., People v. Cunningham,* 200 Colo. 303, 614 P.2d 886 (1980); *People v. Watkins,* 200 Colo. 163, 613 P.2d 633 (1980); *People v. Warren,* 200 Colo. 110, 612 P.2d 1124 (1980). Accordingly, we address only the issue pertaining to the propriety of the sentence. We conclude that the sentence was not excessive and we affirm.

On January 6, 1978, the defendant was arrested and charged in the district court of Jefferson County with aggravated robbery, section 18-4-302(1), C.R.S. 1973 (1978 Repl. Vol. 8), and with the use of a deadly weapon during the aggravated robbery, thereby requiring a mandatory sentence to at least the minimum term provided for aggravated robbery, section 16-11-309, C.R.S. 1973 (1978 Repl. Vol. 8). Section 18-1-105, C.R.S. 1973 (1978 Repl. Vol. 8). The charge arose out of the hold-up of a Walgreen's drug store on November 23, 1977, during which cash and checks totaling $5,744 were taken from an employee of the store.

An attorney was appointed for the defendant and shortly thereafter the defendant was released on bail. While on bail he was arrested for and charged with other crimes, including an aggravated robbery in Colorado Springs, Colorado. On October 31, 1978, he appeared in the district court of Jefferson County and, as a result of a plea agreement, pled guilty to aggravated robbery and admitted the use of a deadly weapon during that

crime. The defendant's guilty plea resulted in the dismissal of a second degree forgery case and another aggravated robbery case pending in the Jefferson County district court, as well as an aggravated robbery case pending in the Denver district court. Upon accepting the plea of guilty the court continued the case to January 8, 1979, for sentencing. In the interim the defendant was sentenced in the district court of El Paso County on his plea of guilty to aggravated robbery to a term of fifteen to thirty years.

At the sentencing hearing on January 8, 1979, the court had the benefit of a comprehensive pre-sentence investigation. The court rejected the defendant's plea for a concurrent sentence and made the sentence of ten to twenty years consecutive to the previously imposed sentence of fifteen to thirty years. The sentencing judge stated that he was making the sentence consecutive because of the defendant's extensive criminal record and the potential for serious injury implicit in the use of a weapon during an aggravated robbery.

The defendant's claim of excessiveness is based on the consecutive nature of the sentence. In his argument the defendant relies on *ABA Standards Relating to Sentencing Alternatives and Procedures* §3.4(b). The standard acknowledges that the question of a concurrent or consecutive sentence for convictions of multiple offenses separately punishable is generally a matter for the court's discretion, but states that the aggregate maximum of a consecutive term should not exceed the term authorized for a habitual offender.

Assuming arguendo the propriety of ABA Standard 3.4(b) as the outside measure of a proper sentence, the defendant's sentence is not excessive.[1] The aggregate of both sentences, twenty-five to fifty years, equals but does not exceed the term authorized for a twice previously convicted offender under section 16-13-101(1), C.R.S. 1973 (1978 Repl. Vol. 8). More importantly, when the court imposed the consecutive sentence of ten to twenty years, the defendant had already sustained three prior felony convictions and, under section 16-13-101(2), C.R.S. 1973 (1978 Repl. Vol. 8), he would have been subject to a sentence of life imprisonment if he had been tried and convicted as a thrice previously convicted habitual offender.

The defendant also claims that the consecutive sentence is excessive because it undermines rehabilitation. We find this argument lacking in merit. The nature of the offense in this case had the potential for serious bodily injury to the victim. The defendant entered the stockroom of a

---

[1] The ABA Standards Relating to Sentencing Alternatives and Procedures were substantially amended in 1979. The new standard 18-4.5(b)(i)(2d ed. 1979) provides that "[t]here should be a ceiling on the aggregate maximum of consecutive terms which is reasonably related to the severity of the offenses involved." *See also* standard 18-4.2 dealing with maximum terms and standard 18-4.4 dealing with habitual offenders.

Walgreen's drug store at night, pulled a revolver from his waistband, pointed it at the victim, directed him to the store safe, threatened to "blow him away" if the victim looked at his face, and took cash and personal checks amounting to $5,744.

The character of the defendant also militates against his argument on rehabilitation. He had been previously convicted of three felonies — first degree robbery in California in 1965 when he was twenty-six years old; aggravated robbery in Colorado in 1975 at the age of thirty-six; and another aggravated robbery in Colorado in 1979 at the age of thirty-nine. In addition, the defendant over the years had sustained numerous convictions for misdemeanor offenses, and he failed to take advantage of rehabilitative opportunities associated with probation and parole on prior occasions.

We reject the defendant's claim that his record is free of any violent incidents. The crime of aggravated robbery is a crime of violence and our statutes denominate it as such. Section 16-11-309(2), C.R.S. 1973 (1978 Repl. Vol. 8). The only fair characterization of the crime committed by the defendant in this case is that it was an act of violence, involving as it did the brandishing of a weapon accompanied by a threat to use it against the victim.

■ We have previously observed that the sentencing judge properly may consider the public interest in safety and deterrence in sentencing an offender, especially in crimes of serious personal violence. *E.g., People v. Warren, supra; Triggs v. People,* 197 Colo. 229, 591 P.2d 1024 (1979); *People v. Strong,* 190 Colo. 189, 544 P.2d 966 (1976); *People v. Euresti,* 187 Colo. 266, 529 P.2d 1319 (1975). Judicial focus on the protection of the public interest is also appropriate in the case of an offender who threatens the security of another with a weapon and whose record is such that he is not eligible for probation. *See* section 16-11-201(2), C.R.S. 1973 (1978 Repl. Vol. 8); *see also, e.g., People v. Espinosa,* 200 Colo. 307, 614 P.2d 889 (1980); *People v. Cunningham, supra; People v. Warren, supra; Triggs v. People, supra.*

■ Taking into consideration the nature of the offense, the character of the offender and the protection of the public, section 18-1-409(1), C.R.S. 1973 (1979 Supp.); C.A.R. 4(c) (amended November 13, 1979); *People v. Warren, supra; People v. Malacara,* 199 Colo. 243, 606 P.2d 1300 (1980); *Triggs v. People, supra; ABA Standards Relating to Appellate Review of Sentences* § 3.2, we cannot say that the consecutive sentence of ten to twenty years was excessive under the circumstances of this case.

The judgment is affirmed.