The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

James Edward HALL,
Defendant–Appellant.

No. 79SA472.

Supreme Court of Colorado,
En Banc.

Oct. 20, 1980.

Rehearing Denied Nov. 3, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Litigation Section, Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, Norman R. Mueller, Deputy State Public Defender, Denver, for defendant–appellant.

QUINN, Justice.

The defendant, James Edward Hall, appeals his sentence to a term of twenty–seven to fifty years for sexual assault in the first degree,[1] a class two felony,[2] on the ground of excessiveness. He also claims entitlement to re–sentencing under the presumptive sentencing provisions of the 1977 version of House Bill 1589.[3] We affirm.

The defendant was charged originally in a two–count information with sexual assault in the first degree[4] and criminal attempt to commit murder in the first degree.[5] The date of the alleged offenses was August 3, 1977. As a result of plea negotiations, the defendant entered pleas of guilty to count one, sexual assault in the first degree, and to the reduced charge of assault in the second degree.[6] The charge of attempt to commit murder in the first degree was dismissed.

Prior to sentencing, the court appointed two psychiatrists to examine the defendant in connection with possible commitment as a sex offender under the Colorado Sex Offenders Act of 1968.[7] Both psychiatrists filed reports in which they concluded that the defendant, if at large, would constitute a threat of bodily harm to the public; that he was not mentally deficient; that he

1. Section 18–3–402, C.R.S. 1973 (1978 Repl. Vol. 8). Sexual assault in the first degree is a class three felony unless the offender causes the victim's submission by the use of a deadly weapon, in which case it is a class two felony. The information in this case alleged and the evidence established that the defendant caused submission by using a deadly weapon, his hands.

2. Section 18–1–105(1), C.R.S. 1973 (1978 Repl. Vol. 8). On the date of the offense, a class two felony carried a minimum of ten and a maximum of fifty years.

3. Colo.Sess.Laws 1977, ch. 216, 18–1–105 at 867.

4. Section 18–3–402, C.R.S. 1973 (1978 Repl. Vol. 8).

5. Section 18–2–101, C.R.S. 1973 (1978 Repl. Vol. 8).

6. Section 18–3–203, C.R.S. 1973 (1978 Repl. Vol. 8, 1979 Supp.).

7. Section 16–13–201 et seq., C.R.S. 1973 (now in 1978 Repl.Vol. 8).

could not be supervised adequately on probation; and that he suffered from serious psychiatric disturbances, including overt sadistic hostility towards women and an underlying schizophrenic reaction, paranoid type, for which he is in need of long–term treatment. The probation department also filed a pre–sentence report with the court[8] which included a summary of the facts of the offenses, the defendant's criminal and social history, and a statistical conclusion that the average length of commitment under the Sex Offenders Act was 24.7 months. The probation officer recommended that the court decline to commit the defendant as a sex offender and, instead, sentence the defendant for a long term under the penalty range authorized for a class two felony with a judicial recommendation of psychiatric treatment. The court conducted a pre–sentence hearing on March 6, 1978, at which the two examining psychiatrists testified. On March 10, 1978, the court terminated proceedings under the Sex Offenders Act[9] and imposed a sentence of twenty–seven to fifty years for sexual assault in the first degree and a concurrent term of eight to ten years for assault in the second degree.[10]

The defendant initially asserted on this appeal the sentencing judge's abuse of discretion in declining to sentence him to an indeterminate commitment of one day to life as a sex offender under the Sex Offenders Act. However, the defendant moved to withdraw this argument and we granted his motion. Therefore, we address only his remaining arguments.

The defendant's principal contention is that the sentence of twenty–seven to fifty years is excessive. Considering the nature of the offense, the character of the offender, and the public interest in safety, we do not find the sentence excessive. E. g., People v. Scott, Colo., 615 P.2d 35 (1980); People v. Cunningham, Colo., 614 P.2d 886 (1980); People v. Warren, Colo., 612 P.2d 1124 (1980); People v. Naranjo, Colo., 612 P.2d 1099 (1980); People v. Euresti, 187 Colo. 266, 529 P.2d 1319 (1975).

The defendant's conduct consisted of a series of brutal and almost fatal insults to the physical and emotional integrity of a helpless nineteen–year–old victim. The defendant forced an entry into the victim's apartment at midday while she was alone and he immediately proceeded to strangle her to a state of unconsciousness. He forcibly induced sexual intercourse and then attempted to drown her in a bathtub full of hot water. The victim struggled against the drowning, whereupon the defendant attempted to strangle her with a belt while simultaneously forcing her head under the water. When the victim again struggled for her life, the defendant commenced beating her on the head with his fists and banging her head against the bathroom fixtures. Were it not for the intervention of a neighbor who heard her screams, she would have been murdered.

The character of the defendant offered little in the way of mitigation. Although only twenty–six years of age when sentenced in this case, he previously had been convicted of assault with a deadly weapon in Oklahoma, for which he was sentenced to the Oklahoma state penitentiary for eight years. That offense involved a stabbing of a young woman. After receiving parole for this conviction, he was arrested for burglary and convicted of that offense. Once again, he was sentenced to the penitentiary and, approximately five months after his discharge, was arrested for the crimes committed in this case. In the course of the psychiatric interviews prior to sentencing, the defendant admitted the rapes of at least four other women.

In view of the extremely aggravated nature of the offense in this case, the defendant's proclivity toward violence and his prior history of criminality, it was entirely proper for the sentencing judge to focus on the public interest in safety and deterrence in arriving at a sentencing decision. E. g., People v. Self, Colo., 615 P.2d 693 (1980); People v. Warren, supra; Triggs v. People,

---

8. Section 16–13–208, C.R.S. 1973.

9. Section 16–13–209, C.R.S. 1973.

10. The propriety of the sentence imposed for assault in the second degree is not an issue on this appeal.

197 Colo. 229, 591 P.2d 1024 (1979); *People v. Euresti, supra.* The record here provides a clear justification in fact for the sentence imposed.

The defendant also argues that he is entitled to re–sentencing under the presumptive sentencing provisions of the 1977 version of House Bill 1589,[11] which would have become effective on July 1, 1978, but for subsequent amendatory legislation postponing its effective date to April 1, 1979,[12] and later to July 1, 1979.[13] His argument centers on the separation of powers doctrine, *Colo.Const.* Art. III, and this court's rule–making power, *Colo.Const.* Art. VI, Sec. 21. In *People v. McKenna,* Colo., 611 P.2d 574 (1980), we resolved adversely to the defendant these arguments, and we have adhered consistently to that decision. *E. g., People v. Scott, supra; People v. Cunningham, supra; People v. Warren, supra.* We decline to address these questions on this appeal.

The judgment is affirmed.

---

11. Colo.Sess.Laws 1977, ch. 216, 18–1–105, at 867.

12. Colo.Sess.Laws 1978, First Extraordinary Session, ch. 1.

13. Colo.Sess.Laws 1979, ch. 157, sec. 25 at 672.