The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

David Robert SHULDHAM,
Defendant-Appellant.

No. 80SA60.

Supreme Court of Colorado.

March 23, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J.

---

Mullarkey, Sol. Gen., Susan P. Mele-Serno-vitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

In this appeal, Defendant Shuldham challenges the trial court's denial of his Crim.P. 35(a) motion to reduce a concurrent sentence received after pleading guilty to two aggravated robbery charges. In addition, defendant argues that he was improperly denied the benefits of the amendatory legislation of H.B. 1589. We affirm the trial court's denial of the Crim.P. 35(a) motion.

## I.

The defendant argues first that the trial court abused its discretion in denying his Crim.P. 35(a) motion in light of the disparity in sentences imposed on himself and the co-defendant. The defendant also maintains that abuse of discretion is demonstrated by the fact that the trial court summarily denied the motion without a hearing and without making any specific findings. We disagree with this contention by the defendant. The record does not reflect that the trial judge summarily denied this motion. In denying the motion, the trial judge stated:

> "[T]he Court having reviewed said [Crim.P. 35(a)] Motion and having reviewed the file herein and now being fully advised: IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that oral argument on this Motion is not necessary and the same is hereby dispensed with. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion ... for Reconsideration of Sentence ... should be and the same is hereby denied."

This statement clearly indicates that before denying the motion, the trial court reviewed pertinent documents and files. On this basis, and also in light of the fact that the judge presided at the arraignment and imposed the sentence, it would not appear that the trial court abused its discretion or failed to exercise it as in *Spann v. People*, 193 Colo. 53, 561 P.2d 1268 (1977). *See People v. Malacara*, Colo., 606 P.2d 1300 (1980).

In any event, the defendant's contentions are now moot because the governor has commuted the defendant's sentence, and it is now in conformity with the sentence imposed upon the co-defendant.

## II.

Defendant's second argument is that he was improperly denied the benefits of the amendatory legislation of H.B. 1589. We disagree.

This argument is completely answered in *People v. McKenna*, Colo., 611 P.2d 574 (1980) which held that there was no usurpation by the governor of the legislature's power in the enactment of the legislation, and that the effective date of H.B. 1589 was validly postponed to July 1, 1979. We further ruled that H.B. 1589 dealt with matters of substantive law and, consequently, that the legislature did not usurp the rule-making authority of this court by limiting the presumptive sentencing provisions of that statute to conviction for offenses committed on or after the effective date.

The acts to which the defendant entered pleas of guilty were committed on March 20, 1977, well before the July 1, 1979 effective date of H.B. 1589. Consequently, the defendant is not entitled to be sentenced under the provisions of that legislation. *See also People v. Lopez*, Colo., 624 P.2d 1301 (1981); *People v. Hall*, Colo., 619 P.2d 492 (1980); *People v. Self*, Colo., 615 P.2d 693 (1980); *People v. Cunningham*, Colo., 614 P.2d 886 (1980).

The order of the district court denying defendant's Crim.P. 35(a) motion is affirmed.