**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Thomas Castillo VALENCIA, Defendant-Appellant.**

**No. 79SA416.**

Supreme Court of Colorado, En Banc.

June 29, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

The defendant-appellant, Thomas Castillo Valencia, contends that his sentence was unduly harsh and excessive and therefore the trial court abused its discretion in imposing it. We do not agree, and therefore affirm the judgment of the trial court.

The defendant was initially charged with attempted first-degree murder, section 18–3–102, C.R.S. 1973 (now in 1978 Repl. Vol. 8), and violent crime, section 16–11–309, C.R.S. 1973 (now in 1978 Repl. Vol. 8), in conjunction with a barroom shooting incident. A third count, charging first-degree assault, section 18–3–202, C.R.S. 1973 (1978 Repl. Vol. 8), was subsequently filed, apparently as part of a plea agreement. The defendant pled guilty to the charges of first-degree assault and violent crime. The attempted murder charge was dismissed.

The defendant, who had been drinking beer in a barroom, engaged in an altercation with the victim. The bartender interceded and separated the defendant from the victim. After a short time, the defendant walked across the barroom, pulled a gun from his clothing, and shot the victim in the chest at point blank range. The bartender, accompanied by bystanders, disarmed the defendant. The victim was promptly hospitalized, and although seriously wounded, he did recover.

The trial court expressly weighed many factors in arriving at a sentencing decision. It was noted that the defendant had no prior criminal convictions and that he was voluntarily intoxicated at the time of the offense. Further, the trial court considered the fact that the defendant had a history of alcohol abuse. Yet the trial court did not consider a minimum or lenient sentence appropriate in light of the aggravated nature of the offense. The trial court noted, with reference to the offense, that the altercation between the defendant and the victim appeared to be over and that the defendant had been afforded an opportunity to cool off. After a short time, however, the defendant walked back to the victim and carefully aimed a hand gun at close range and shot the victim in the chest, obviously calculating death. Considering all these factors, the trial court sentenced the defendant to a term of between ten and twenty years. The maximum sentence the defendant could have received was forty years. See section 18–1–105, C.R.S. 1973 (now in 1978 Repl. Vol. 8).

■ An appellate court must consider the nature of the offense, the character of the offender, and the public interest in safety and deterrence in reviewing a sentence claimed to be excessive. *E. g., People v. Cohen*, Colo., 617 P.2d 1205 (1980) and the cases cited therein. Wide latitude will be given the trial court's final decision since it is in the best position to balance the many factors which must be considered in tailoring an appropriate sentence in each individual case. *E. g., People v. Warren*, Colo., 612 P.2d 1124 (1980); *Triggs v. People*, 197 Colo. 229, 591 P.2d 1024 (1979). Where a sentence is imposed for an extended term, however, the record must clearly justify the decision of the sentencing judge. *E. g., People v. Strong*, 190 Colo. 189, 544 P.2d 966 (1976). *But see People v. Watkins*, Colo., 613 P.2d 633 (1980).

■ The sentence imposed by the trial court in this case is justified by the nature of the offense and is supported by the trial court's careful consideration of all other factors which must be considered in imposing a proper sentence. The defendant committed an aggravated offense, which demonstrated a lack of respect for the value of human life, and was a calculated attempt to deprive another of this right. Under the facts of this case, the trial court's imposition of a ten to twenty year sentence, when the maximum sentence could have been forty years, was not unjustifiably harsh or excessive and was not an abuse of discretion.

The defendant also argues that he was entitled to be resentenced under the amend-

atory legislation of H.B. 1589. The arguments raised by the defendant have been often rejected by this court, and have no merit. *See People v. McKenna*, Colo., 611 P.2d 574 (1980). *See also, e. g., People v. Trujillo*, Colo., 627 P.2d 737 (1981); *Tacorante v. People*, Colo., 624 P.2d 1324 (1981); *People v. Lopez*, Colo., 624 P.2d 1301 (1981); *People v. Francis*, Colo., 630 P.2d 82, n.1 (Supreme Court No. 80SA35, announced June 22, 1981).

The judgment of the trial court is accordingly affirmed.