The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Louis BRAVO, Defendant-Appellant.

No. 79SA377.

Supreme Court of Colorado, En Banc.

July 6, 1981.

Rehearing Denied July 27, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Lawrence J. Schulman, Denver, for defendant-appellant.

HODGES, Chief Justice.

Defendant Louis Bravo appeals a sentence of thirty-five to forty years imprisonment for conviction of aggravated robbery. Section 18–4–302, C.R.S.1973 (now in 1978 Repl. Vol. 8). We affirm.

Defendant and two others perpetrated a violent armed robbery of a grocery store. In the course of this robbery, one of the store's employees was killed. Upon conviction, the defendant was sentenced as an habitual criminal to an enhanced term of fifty to eighty years imprisonment.

On a prior appeal, the court of appeals affirmed defendant's convictions but vacated the sentence and remanded the case to the trial court for resentencing due to the enactment of amelioratory amendments to the habitual criminal statute. Colo.Sess. Laws 1976, ch. 93, 16–13–101 at 548.

On remand, the trial court conducted a hearing and resentenced defendant to a term of thirty-five to forty years.

### I.

The defendant argues that the trial court abused its discretion in sentencing him to thirty-five to forty years imprisonment for aggravated robbery because the possibility of defendant's rehabilitation was not given due consideration. The record does not support this argument.

At the time of sentencing, the trial judge expressly referred to the presentence investigation report which contained information concerning defendant's employment history and educational background. The trial judge also considered various letters regarding defendant and his prior educational

history. However, after reviewing all available evidence, including a number of items bearing upon rehabilitation possibilities, the trial judge stated:

"In considering the nature and circumstances of the robbery and also the history and character of the defendant, leniency is not proper. To do so would not give proper consideration for the protection of the public. To grant leniency would tend to undermine the seriousness of the offense and respect for the law. Mr. Bravo has been in difficulty with the law from an early age."

In *People v. Strong*, 190 Colo. 189, 544 P.2d 966 (1976), we enumerated three considerations which must be of primary concern to a trial judge when setting a sentence. They are "the need to protect society at large and deter potential offenders, to punish the convicted offender, and to rehabilitate him."

This defendant was forty years of age at the time this sentence was imposed. He has a juvenile record as well as three prior felony convictions as an adult, including a conviction for aggravated robbery. The instant crime for which defendant was sentenced was particularly violent. The lives of a number of persons were endangered and several persons were injured in the course of the robbery, including the store's owner who was pistol whipped. When police surrounded the store, defendant attempted to take a hostage to use as a shield in perpetrating his escape. One store employee was killed in the course of the robbery.

█ The imposition of a thirty-five to forty year sentence was not an abuse of discretion under the record of this case. The trial court fully considered defendant's efforts at and potential for rehabilitation and simply concluded that a long sentence was warranted by the nature of the crime, the need to punish the defendant, and the need to protect society. *See, e. g., People v. Duran*, 188 Colo. 207, 533 P.2d 1116 (1975); *People v. Campbell*, 188 Colo. 79, 532 P.2d 945 (1975); *People v. Euresti*, 187 Colo. 266, 529 P.2d 1319 (1975); *People v. Pauldino*, 187 Colo. 61, 528 P.2d 384 (1974).

II.

█ Defendant challenges the constitutionality of section 25 of House Bill 1589, as amended in March 1979, Colo.Sess. Laws 1979, ch. 157, Sec. 25 at 672, and claims entitlement to resentencing under the presumptive sentencing provisions of the 1977 version of House Bill 1589, Colo.Sess. Laws 1977, ch. 216, 18–1–105 at 867. This argument was resolved adversely to defendant's position in *People v. McKenna*, Colo., 611 P.2d 574 (1980), and we have adhered consistently to that decision. *See, e. g., People v. Francis*, Colo., 628 P.2d 608, n. 1 (1981).

The defendant's remaining contention that his sentence should conform to the sentence imposed upon a co-defendant is totally without merit and requires no discussion.

The judgment is affirmed.

QUINN J., does not participate.