The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Henderson Joe Willie JORDAN, Defendant-Appellant.

No. 80SA49.

Supreme Court of Colorado, En Banc.

July 6, 1981.

ant pled guilty to first-degree assault, section 18–3–202(1)(a), C.R.S.1973 (now in 1978 Repl. Vol. 8), and attempted first-degree sexual assault, sections 18–2–101 and 18–3–402, C.R.S.1973 (now in 1978 Repl. Vol. 8). The trial court sentenced him to concurrent terms of fifteen to twenty-five years and the defendant was given credit for 197 days presentence confinement against both his minimum and maximum sentences.

The incident underlying the defendant's convictions occurred on January 5, 1978. The defendant was ostensibly selling magazines door-to-door. He contacted the victim at her apartment. She told the defendant she was not interested in purchasing any books or magazines. Five to ten minutes later, the defendant returned to the victim's apartment and asked to use her telephone. When she told him she did not have a phone, the defendant turned as if to walk off but then suddenly rammed the door with his shoulder. After gaining entry into the apartment, the defendant threatened to kill the victim's two-year old son if she did not put the child in his crib and quiet him. The defendant then pulled off all the victim's clothing and attempted, evidently unsuccessfully, to have sexual intercourse with her. He then pulled the victim into a bathroom, wrapped a towel around her neck, and began strangling her until eventually she lost consciousness. The victim was later found wandering around in a state of shock, still nude, bleeding profusely from the neck. She had been stabbed twice in the neck and would have died had she not received prompt medical attention.

While only eighteen years of age at the time of this criminal episode, the defendant had previously been adjudicated as a delinquent, and had been exposed to the juvenile justice system in several earlier cases. At the age of ten, a petition was brought against the defendant alleging his commission of arson. As a result, he was placed in a residential child care facility but ran away and was returned to his parents' custody. At the age of fourteen, the defendant was granted probation in conjunction with a petition alleging his commission of a

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Robert Breindel, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

The defendant-appellant challenges his sentence to the state penitentiary as unduly harsh and excessive. We affirm.

The defendant was charged with first-degree burglary, first-degree assault, attempted first-degree assault, attempted first-degree murder, aggravated robbery, first-degree sexual assault, and mandatory sentences for violent crimes. The defend-

theft and burglary. The defendant was to remain in a group home as a condition of his probation. After the defendant ran away from the group home, he was institutionalized. In 1974, the defendant, at the age of fifteen, was adjudicated a delinquent as a result of a petition alleging first-degree arson of his mother's home while occupied by his brother and sister. The defendant was institutionalized but escaped from custody approximately six months later.

The defendant argues his sentence of fifteen to twenty-five years is excessive on its face and stands in opposition to all goals of rehabilitation. We disagree.

While rehabilitation is a preferred goal, *see generally People v. Duran*, 188 Colo. 207, 533 P.2d 1116 (1975), it is only one factor which must be considered in tailoring a sentence to each individual case. The nature of the offense, the character of the offender, and the public interest in safety and deterrence must all be considered in reaching an appropriate sentencing decision. *E. g. People v. Cohen*, Colo., 617 P.2d 1205 (1980).

The offenses in this case were violent, prolonged, and premeditated. The victim was very fortunate to have not lost her life. She will, however, carry the scars of this terrifying episode for the rest of her life.

This offense was not the defendant's first. He has a record of serious and violent crimes. By his personal history, he has failed to show any progress toward rehabilitation as a result of his previous counseling or institutionalization. The defendant has been diagnosed as having an anti-social personality.

The public interest in safety and deterrence required a prolonged sentence in this case. Such recurring conduct of the defendant cannot be tolerated.

The defendant's sentence is clearly justified by the record. *E. g., People v. Strong*, 190 Colo. 189, 544 P.2d 966 (1976). *But see People v. Watkins*, Colo., 613 P.2d 633 (1980).

The defendant's remaining arguments challenging the constitutionality of the non-retroactive effect of House Bill No. 1589, as amended in March 1979, and the claim that he is entitled to be resentenced under the 1977 version of House Bill No. 1589, are without merit. *People v. McKenna*, Colo., 611 P.2d 574 (1980). *See People v. Francis*, Colo., 628 P.2d 608, n. 1 (1981).

The judgment of the trial court is affirmed.