**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Mark BELAND, Defendant-Appellant.**

**No. 81SA115.**

Supreme Court of Colorado,
En Banc.

Aug. 4, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., R. Michael Mullins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Deborah S. Waldbaum, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

Defendant Beland pled guilty to child abuse,[1] a class three felony, and to manslaughter,[2] a class four felony. The child abuse charge was punishable by a term of 5 to 40 years imprisonment. He was sentenced to a term of not less than twelve years nor more than twelve years and one month on the child abuse charge and to an indeterminate term not to exceed four years on the manslaughter charge. The trial court ordered that the sentences were to be served concurrently. Defendant appeals the sentence for child abuse. We affirm.

 On December 9, 1978, defendant was arrested in connection with the death of Melishka Ford, a two year old infant. The record shows that the victim died of shock resulting from severe thermal burns to approximately 40 per cent of her body.

The defendant was initially charged with first-degree murder and with two counts of child abuse. Following plea negotiations, defendant entered a plea of guilty to one count of child abuse and one count of manslaughter.

The defendant was sentenced under the amended sentencing provisions of House Bill 1589. Colo. Sess. Laws 1979, ch. 157, 18–1–105 at 669, 700 (now codified at section 18–1–105, C.R.S.1973 (1980 Supp. to 1978 Repl. Vol. 8)).[3] Under that sentencing law, the presumptive penalty range for a class three felony is four to eight years, section 18–1–105(1)(a), C.R.S.1973 (1980 Supp. to 1978 Repl. Vol. 8), with the possibility that the sentence could be twice the maximum if "extraordinary aggravating circumstances" are found, section 18–1–105(6), C.R.S.1973 (1980 Supp. to 1978 Repl. Vol. 8).

The trial court found that there were aggravating circumstances shown in this case. The trial judge noted that the victim was an infant; that the defendant's knowing infliction of pain amounted to torture of the victim; that the defendant delayed in seeking medical attention for the victim despite the obvious injuries to and the pain suffered by the victim; that the death of the victim resulted; and that the defendant attempted to conceal his conduct by giving false statements to law enforcement authorities.[4]

Sentencing is a complex process which requires the exercise of the sound discretion of the sentencing judge. *People v. Strong*, 190 Colo. 189, 544 P.2d 966 (1976). Consequently, the trial judge is given wide latitude in imposing sentence. *Id.* On review, an appellate court may not vacate or modify a sentence imposed by a trial court unless it appears that the trial judge clearly abused his discretion in imposing the sentence. *People v. Duran*, 188 Colo. 207, 533 P.2d 1116 (1975). No abuse of discretion is shown here.

The judgment of the trial court is affirmed.

1. Section 18–6–401, C.R.S.1973 (1978 Repl. Vol. 8).

2. Section 18–3–104, C.R.S.1973 (1978 Repl. Vol. 8).

3. This offense occurred on December 8 and 9, 1978. The amended sentencing provisions of House Bill 1589 are only applicable to offenses committed on or after July 1, 1979, the effective date of the legislation. Colo. Sess. Laws 1979, ch. 157, Sec. 25 at 672. Consequently, it was error for the trial court to apply the amended sentencing provisions to this defendant. *See People v. Macias*, Colo., 631 P.2d 584 (1981). The answer brief submitted on behalf of the People correctly asserts that the trial court improperly sentenced the defendant under the new sentencing law rather than the law as it existed when the offense was committed. However, because the brief of the People requests "that the sentence imposed be affirmed," and because this defendant could have received the same sentence under the statute in effect when the offense was committed, we disregard this trial court error.

4. In the brief submitted to this court on appeal, defense counsel argues that because defendant was only 18 years of age at the time of this offense,

"Immaturity and poor judgment led [defendant] to assume the care of a young child. The [d]efendant's lack of preparation for the awesome responsibilities of child care and negligence in assuming those responsibilities led to the child's death, rather than any extraordinary aggravating circumstances."

We view this argument as wholly frivolous.