## No. 80SA154

### The People of the State of Colorado v. Oscar Wendell Triggs

(613 P.2d 317)

Decided June 16, 1980.                  Rehearing denied July 7, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Kathleen M. Bowers, Assistant Attorney General, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Ilene P. Buchalter, Deputy, for defendant-appellant.

*En Banc.*

JUSTICE QUINN delivered the opinion of the Court.

The defendant appeals the denial of his motion for post-conviction relief, contending that he is entitled to resentencing under the presumptive sentencing provisions of the 1977 version of House Bill 1589. Colo. Sess. Laws 1977, ch. 216, 18-1-105 at 867. We affirm the judgment.

The defendant pled guilty to second-degree burglary, a class three felony, section 18-4-203, C.R.S. 1973 (now in 1978 Repl. Vol. 8), and on March 14, 1977, he was sentenced to the Colorado State Penitentiary for a term of fourteen to twenty years, consecutive to any sentence then being served. The defendant appealed his sentence as excessive and the court of appeals affirmed the sentence. We granted certiorari and also affirmed the sentence. *Triggs v. People,* 197 Colo. 229, 591 P.2d 1024 (1979). Thereafter, the defendant filed a motion for post-conviction relief, alleging that he was entitled to re-sentencing under House Bill 1589, Colo. Sess. Laws 1977, ch. 216, 18-1-105 at 867.[1] The trial court denied the motion without a hearing.

The issues raised on this appeal are identical to those decided in *People v. McKenna,* 199 Colo. 452, 611 P.2d 574 (1980). *McKenna* held that the legislative postponement of the effective date of House Bill

---

[1] The effective date of H.B. 1589 was subsequently postponed from July 1, 1978, to April 1, 1979, Colo. Sess. Laws 1978, First Extraordinary Session, ch. 1, and later to July 1, 1979. Colo. Sess. Laws 1979, ch. 157, section 25 at 672.

The presumptive sentence for a class three felony was four and one-half years under the 1977 version of H.B. 1589. Colo. Sess. Laws 1977, ch. 216, 18-1-105 at 867. In March 1979 the General Assembly enacted an amended presumptive sentencing law and the presumptive range of sentence for a class three felony is now four to eight years. Colo. Sess. Laws 1979, ch. 157, 18-1-105 at 669.

1589 comported with the separation of powers doctrine under Article III of the Colorado Constitution. *McKenna* also held that the prospective provisions of section 25 of House Bill 1589, as amended in March 1979, Colo. Sess. Laws 1979, ch. 157, section 25 at 672, did not constitutionally infringe upon the rule making power of this court under Article VI, Section 21, of the Colorado Constitution.

Because the defendant's motion for post-conviction relief raised questions of law only, the trial court properly could render a summary disposition of the motion without a hearing. *E.g., People v. Johnson,* 195 Colo. 350, 578 P.2d 226 (1978); *People v. Trujillo,* 190 Colo. 497, 549 P.2d 1312 (1976); ABA Standards Relating to Post-Conviction Remedies § 4.5(a).

The judgment is affirmed.