No. 79SA564

**The People of the State of Colorado v. David K. Foster**

(615 P.2d 652)

Decided July 28, 1980.                    Rehearing denied August 25, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Susan P. Mele-Sernovitz, Assistant Attorney General, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Norman R. Mueller, Deputy, for defendant-appellant.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

In 1975, the defendant was convicted by a jury of aggravated robbery and conspiracy to commit aggravated robbery. He was also found to be a habitual criminal and was sentenced to a term of imprisonment of 40-80 years.

In 1977, in an unpublished opinion, the Colorado Court of Appeals affirmed the aggravated robbery and conspiracy convictions, but vacated the habitual criminal sentence. On April 4, 1978, on remand from the appellate court, the trial court re-sentenced the defendant to concurrent sentences of 35-40 years for aggravated robbery, and an indeterminate to 10-year sentence for conspiracy.

On May 2, 1978, the defendant filed a notice of appeal with respect to the 35-40 year aggravated robbery sentence. *See* section 18-1-409, C.R.S. 1973 (1978 Repl. Vol. 8),[1] and C.A.R. 4(c).

---

[1] At the time of this sentencing, section 18-1-409, C.R.S. 1973 (1978 Repl. Vol. 8), provided for "one appellate review of the propriety of the sentence, having regard to the nature of the offense, the character of the offender, and the public interest, and the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based." Such appellate review was available for class 2 and class 3 felonies only when the minimum sentence imposed was more than three years greater than the minimum sentence provided for the offense.
Aggravated robbery is a class 3 felony, *see* section 18-4-302(3), C.R.S. 1973 (now in 1978 Repl. Vol. 8), for which a minimum sentence of five years was authorized, *see* section 18-1-105(1), C.R.S. 1973 (1978 Repl. Vol. 8).

In July 1978, while the appeal brought pursuant to section 18-1-409 was pending, the defendant filed a motion in the trial court pursuant to Crim. P. 35(a),[2] seeking a reduction of the 35-40 year sentence. In January 1979, after a hearing on the Crim. P. 35(a) motion, the trial court reduced the sentence to a minimum of 25 years and a maximum of 40 years. The defendant then filed a notice of appeal with respect to the trial court's disposition of the Crim. P. 35(a) motion.

The appeals were consolidated and transferred to this court pursuant to sections 13-4-102(1)(b) and 13-4-110(1), C.R.S. 1973, because of the constitutional issues raised by the defendant (*see* Part IV of this opinion, *infra*).

## I.

The offenses of which the defendant was found guilty occurred in 1973. The defendant and two partners, masked and armed, entered a Thriftway grocery store. The building was soon surrounded by police, and, rather than surrendering, one of the defendant's partners attempted to take a hostage. There was a struggle, and the hostage escaped, only to be killed by a police officer outside the store.

The defendant has two pre-1975 felony convictions — a 1959 conviction for burglary and a 1963 conviction for robbery and conspiracy.

The defendant was granted probation for the 1959 conviction, but the probation was subsequently revoked, and the defendant was sentenced to the state reformatory. He was paroled in June 1960, returned to the reformatory as a parole violator in August 1961, and again paroled in July 1962.

In 1963, while on parole pursuant to the 1959 conviction, the defendant was convicted of robbery and conspiracy and sentenced to concurrent penitentiary terms of 8-15 years and 8-10 years. He was again paroled in July 1970, but the parole was revoked in September 1970, and the defendant remained in the penitentiary until February 1971.

At the April 4, 1978, re-sentencing hearing, the defendant testified concerning his efforts at rehabilitation and submitted numerous letters from employees of the penitentiary attesting to his cooperation and describing him as a model prisoner. At the January 1979 Crim. P. 35(a) hearing, five witnesses testified on behalf of the defendant, and each witness spoke highly of him as a prisoner who had demonstrated success in

---

[2] Crim. P. 35 has been extensively amended, effective November 13, 1979. *See* Crim. P. 35 (1979 Supp.).

rehabilitation.

## II.
### Appeal of the Sentence Reduction
### Entered Pursuant to the Crim. P. 35(a) Motion

On two alternate bases, we dismiss the appeal of the trial court's order, entered in January 1979 pursuant to the defendant's Crim. P. 35(a) motion, reducing the aggravated robbery sentence from 35-40 years to 25-40 years.

First, we note that Crim. P. 35(a) provides that "[t]he [trial] court may not reduce a sentence reviewed by an appellate court pursuant to C.A.R. 4(c) except as ordered by the reviewing court." In this case, the defendant's appeal under section 18-1-409, C.R.S. 1973 (1978 Repl. Vol. 8), and C.A.R. 4(c) was perfected on May 2, 1978. In July 1978, during the pendency of that appeal, the defendant filed his motion for reduction of sentence pursuant to Crim. P. 35(a). Under the above-quoted provision of that rule, however, the trial court was without jurisdiction to hear the defendant's motion.[3] The trial court's order reducing the aggravated robbery sentence to a term of 25-40 years is therefore void.

Second, we have recently held that "a defendant has no right to appeal a denial of his Crim. P. 35(a) motion where the issue before the appellate court is the propriety of the sentence." *People v. Malacara*, 199 Colo. 243, _____, 606 P.2d 1300, 1303 (1980). The trial court in the instant case reduced the defendant's sentence after hearing his Crim. P. 35(a) motion. However, in appealing the trial court's action, the defendant seeks a further reduction of his sentence. Therefore, for purposes of *Malacara, supra,* the defendant's appeal is properly treated as an appeal of the "denial" of a Crim. P. 35(a) motion raising the issue of the "propriety of the sentence." The appeal must therefore be dismissed.

## III.
### Statutory Appeal of the Sentence
### Entered on April 4, 1978

The defendant's appeal under section 18-1-409, C.R.S. 1973 (1978 Repl. Vol. 8), and C.A.R. 4(c) is brought on the grounds that his 35-40 year sentence for aggravated robbery is excessive in light of his prior record, the circumstances of the offense, and his post-incarceration conduct.

During the past several years, we have commented at length on the standards to be applied by a sentencing court and the objectives of appellate review of criminal sentences. *People v. Warren,* 200 Colo.110, 612 P.2d 1124 (1980); *Triggs v. People,* 197 Colo. 229, 591 P.2d 1024

---

[3] As noted in fn. 2, *supra,* Crim. P. 35 has been amended, effective November 13, 1979. The portion of the new rule which concerns reduction of sentences, Crim. P. 35(b) (1979 Supp.), does not contain the language which we have quoted from Crim. P. 35(a).

(1979); *People v. Strong,* 190 Colo. 189, 544 P.2d 966 (1976); *People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975).

We have reviewed the record in this case, and have applied the standards articulated in the cited authorities to the 35-40 year sentence for aggravated robbery. We cannot conclude that the sentence was excessive or that the trial court abused its discretion when it entered the sentence on April 4, 1978. However, subsequent to this appeal, the defendant may file a motion in the trial court pursuant to Crim. P. 35(b)(2) (1979 Supp.), as amended and effective November 13, 1979, seeking reconsideration by that court of the 35-40 year sentence.

## IV.

The defendant also argues that he is entitled to be re-sentenced under the presumptive sentencing provisions of the 1977 version of House Bill 1589.[4] This issue was decided contrary to the defendant's position in *People v. McKenna,* 199 Colo. 452, 611 P.2d 574 (1980), and the arguments advanced in this case do not persuade us to a different view.

The appeal of the January 1979 order of the trial court is dismissed. The 35-40 year sentence entered by the trial court on April 4, 1978, is affirmed.

CHIEF JUSTICE HODGES, JUSTICE ERICKSON, and JUSTICE DUBOFSKY do not participate.

---

[4] Colo. Sess. Laws 1977, ch. 216, 861-888.