## No. 79SA575

## The People of the State of Colorado v. Alfredo Ramos Espinosa
### (614 P.2d 889)

Decided August 5, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Lynne Ford, Assistant Attorney

General, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Terri L. Brake, Deputy, for defendant-appellant.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

The defendant was initially charged in August 1978, in Criminal Action No. 11077, with one count of first-degree assault[1] and two habitual criminal counts.[2] Subsequently, an additional count charging second-degree assault[3] was filed, and, on motion of the district attorney, the first-degree assault count was dismissed. The habitual criminal counts were dismissed by the trial court on motion of the defendant.

On February 26, 1979, the defendant entered a plea of guilty to the charge of second-degree assault.

In January 1979, in Criminal Action No. 79CR26, the defendant was charged with two counts of second-degree assault and one count of mandatory sentence for violent crime.[4] On February 26, 1979, the defendant entered a plea of guilty to the charge of second-degree assault, and, on motion of the district attorney, the remaining two counts were dismissed.

On March 26, 1979, the trial court sentenced the defendant to a term of not less than 7 nor more than 10 years in each of the two cases, with the sentences to be served concurrently.

On appeal, the defendant claims that the sentences are excessive[5] and that he is entitled to resentencing under the presumptive sentencing provisions of the 1977 version of House Bill 1589.[6] We affirm the sentences entered by the trial court.

---

[1] Section 18-3-202, C.R.S. 1973 (1978 Repl. Vol. 8).

[2] Section 16-13-101, C.R.S. 1973 (1978 Repl. Vol. 8).

[3] Section 18-3-203, C.R.S. 1973 (1978 Repl. Vol. 8).

[4] Section 16-11-309, C.R.S. 1973 (1978 Repl. Vol. 8).

[5] In the circumstances of this case, section 18-1-409, C.R.S. 1973 (1978 Repl. Vol. 8), provides for one appellate review of the propriety of the sentence having regard to the nature of the offense, the character of the offender, the public interest, and the manner in which the sentence was imposed.

[6] Colo. Sess. Laws 1977, ch. 216, 861-888. The defendant's appeal was transferred to this court from the court of appeals pursuant to sections 13-4-102(1)(b) and 13-4-110(1), C.R.S. 1973, because of constitutional issues raised with respect to the 1977 version of House Bill 1589.

## I.

The defendant argues that the sentences are excessive for the following reasons: (1) the minimum sentence that could be imposed was two years;[7] (2) the probation department recommended that the sentence be for a moderate period of time; (3) the defendant is not a hardened criminal who commits serious or vicious crimes; and (4) the length of the sentence gives the defendant little chance for rehabilitation.

The standards applicable to appellate review of sentences have been stated in numerous opinions of this court, and little benefit would be gained by repetition. *People v. Warren,* 200 Colo. 110, 612 P.2d 1124 (1980); *Triggs v. People,* 197 Colo. 229, 591 P.2d 1024 (1979); *People v. Strong,* 190 Colo. 189, 544 P.2d 966 (1976); *People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975).

■ Our duty is to examine the record and test the sentence imposed by the trial court against those standards and against the specific provisions of section 18-1-409, C.R.S. 1973 (1978 Repl. Vol. 8).

■ Here, the record supports the sentence. In Criminal Action No. 11077, the defendant stabbed another man, and, in Criminal Action No. 79CR26, the defendant, while armed with a hammer, participated in the beating of a man in a downtown Greeley store.

The defendant, although only 21 years of age at the time of sentencing, had been convicted of two prior felonies. In October 1976, he pled guilty in one case to the class 4 felony of engaging in a riot,[8] and, in another case, he pled guilty to attempted second-degree burglary,[9] a class 5 felony.

The defendant was granted probation for both offenses. In 1979, a petition for revocation of probation was filed because of the charges made in Criminal Action No. 79CR26. This petition for revocation was dismissed on February 26, 1979, as a result of the defendant's plea of guilty to second-degree assault in the cases which are here the subject of review.

All of the foregoing information, and more, was available to the trial court.

The defendant's acts of violence, his failure to take advantage of the rehabilitative opportunity offered to him in 1976 when he was granted probation, and his continued and repeated illegal activities warranted the sentences from which he appeals.

---

[7] Pursuant to section 16-11-201, C.R.S. 1973 (1978 Repl. Vol. 8), the defendant was not eligible for probation because of two prior felony convictions. At the time of the sentencing in this case, section 16-11-101(1)(d), C.R.S. 1973 (1978 Repl. Vol. 8), provided that a person who had been convicted of a felony within five years prior to the date of the offense for which he is being sentenced would not be eligible for an indeterminate sentence. Under section 16-11-101(1)(d), the minimum sentence for second-degree assault, a class 4 felony, was 2 years.

[8] Section 18-9-104, C.R.S. 1973 (now in 1978 Repl. Vol. 8).

[9] Sections 18-4-203 and 18-2-101, C.R.S. 1973 (1978 Repl. Vol. 8).

## II.

■ The defendant also argues that he is entitled to be re-sentenced under the presumptive sentencing provisions of the 1977 version of House Bill 1589. In *People v. McKenna,* 199 Colo. 452, 611 P.2d 574 (1980), this issue was decided contrary to the defendant's position. The arguments now advanced do not persuade us otherwise.

The sentences are affirmed.