The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Pablo LOPEZ, Defendant-Appellant.

The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Raymond ROMERO,
Defendant-Appellant.

Nos. 79SA505, 80SA124.

Supreme Court of Colorado,
En Banc.

Jan. 19, 1981.

As Modified on Denial of Rehearing
March 9, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Stephen Phillips, First Asst. Atty. Gen., for plaintiff-appellee in No. 80SA124.

Richard M. Borchers, P. C., Westminster, for defendant-appellant.

J. Gregory Walta, Colo. State Public Defender, Harvey M. Palefsky, Deputy State Public Defender in defendant-appellant No. 80SA124.

HODGES, Chief Justice.

These appeals, challenging the sentences imposed following criminal convictions, raise identical issues which have been decided adversely to the appellants in recent decisions of this court. We consolidate the cases for the purpose of this opinion, and affirm the judgment of the district court in each case.

Because the facts of the two cases vary, they are set forth separately.

*People v. Lopez*

On April 10, 1979, appellant Lopez entered a plea of guilty to second-degree murder and was sentenced to a penitentiary term of not less than fifteen nor more than twenty-five years.

On July 31, 1979, the appellant filed a motion under Crim.P. 35 seeking review of the propriety of the sentence imposed and of the sentencing procedure utilized by the trial court. Specifically, Lopez contended that the trial court erred by refusing to sentence him under the amendatory legislation of House Bill 1589 (H.B.1589) (codified in section 18-1-105 (1979 Supp. to 1978 Repl. Vol. 8)), which established presumptive sentences for all classes of felonies.

**1302**

Following a hearing, the trial judge refused to reduce Lopez's sentence, and ruled that Lopez was not entitled to be sentenced under the provisions of H.B.1589. Lopez now appeals those rulings to this court.

### People v. Romero

Appellant Raymond Romero was convicted of rape, conspiracy and burglary on April 1, 1976, and was sentenced to eighteen to forty years imprisonment. The conviction was affirmed by the court of appeals. Thereafter, the appellant filed a motion under Crim.P. 35(a) for reduction of sentence. After a hearing, the trial court denied the motion.

On this appeal, two grounds for reversal are alleged. First, the appellant argues that the trial court erred by refusing to exercise its discretion and order his sentence reduced as unnecessarily harsh. Second, he contends that he is entitled to be resentenced under the provisions of H.B. 1589.

### I.

 In *People v. Malacara*, Colo., 606 P.2d 1300 (1980), we distinguished between the intrinsic fairness of a sentence imposed on one hand and the propriety of a sentencing procedure on the other, and then ruled:

> "[A] defendant is only permitted to seek judicial review of the propriety of the sentencing proceeding and not the sentence when appealing a denial of a 35(a) motion."

The intrinsic fairness of the appellants' sentences was reviewed by the trial courts in the Rule 35(a) proceedings. Those determinations will not be reviewed again on appeal to this court.

### II.

The appellants also argue that the trial courts improperly denied them the benefits of the amendatory legislation of H.B.1589 when they were sentenced. We disagree.

The arguments advanced by appellants in support of their position are completely answered in *People v. McKenna*, Colo., 611 P.2d 574 (1980) and *Tacorante v. People,* Colo., 624 P.2d 1324 (1981). In *McKenna,* we held that there was no usurpation by the Governor of the legislature's power in the enactment of the legislation, and that the effective date of H.B.1589 was validly postponed until July 1, 1979. We further ruled that H.B.1589 was a matter of substantive law and, consequently, that the legislature did not usurp the rulemaking authority of this court by limiting the presumptive sentencing provisions of that statute to conviction for offenses committed on or after the effective date.

 The acts for which Lopez and Romero were convicted occurred well in advance of July 1, 1979, the effective date of H.B. 1589. Consequently, it was not error to refuse to sentence appellants under the provisions of that legislation.

Judgments affirmed.