11. The burden is on those who object to the service plan to present "satisfactory evidence" at the public hearing before the board of county commissioners that at least one of the crite-

**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Frank P. ROMERO, Defendant-Appellant.**

**No. 80SA493.**

Supreme Court of Colorado, En Banc.

April 6, 1981.

Rehearing Denied April 27, 1981.

■

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Cynthia C. Cederberg, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

The defendant-appellant, Frank P. Romero, appeals the trial court's judgment denying his post-conviction Crim.P. 35 motion. He argues that he is entitled to be resentenced under the 1977 version of the amendatory legislation of H.B. 1589, Colo. Sess.Laws 1977, ch. 216, at 861. Specifically, the appellant asserts that the Governor's action to delay the effective date of this legislation constituted lawmaking by the executive branch in violation of the separation of powers doctrine, and therefore the bill became effective without delay on July 1, 1978. This argument was rejected in *People v. McKenna*, Colo., 611 P.2d 574 (1980), which has consistently been upheld. *E. g., People v. Lopez*, Colo., 624 P.2d 1301 (1981); *People v. Scott*, Colo., 615 P.2d 35 (1980); *People v. Cunningham*, Colo., 614 P.2d 886 (1980); *People v. Foster*, Colo., 615

ria for disapproval set out in section 32–1–205(1)(a)–(f) has been met. Section 32–1–205(1), (3), C.R.S.1973.

P.2d 652 (1980); *People v. Cameron*, Colo., 613 P.2d 1312 (1980); *People v. Triggs*, Colo., 613 P.2d 317 (1980); *People v. Warren*, Colo., 612 P.2d 1124 (1980).

The judgment is affirmed.