**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Benny J. TRUJILLO, Defendant-Appellant.**

No. 79SA372.

Supreme Court of Colorado.

April 13, 1981.

Rehearing Denied May 18, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy. Atty. Gen., Mary J. Mullarkey, Sol. Gen., David K. Rees, Chief, Appeals, Litigation Section, Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

Defendant Trujillo appeals a judgment sentencing him to a term of seven to ten years imprisonment in the state reformatory. He argues that the sentence is excessive and also that he is entitled to be resentenced under the presumptive sentencing provisions of either the 1977 version of House Bill 1589, Colo.Sess.Laws 1977, ch. 216, 18–1–105 at 867, or the 1979 version of House Bill 1589 (codified in section 18–1–105, C.R.S. 1973 (1980 Supp. to 1978 Repl. Vol. 8)). We affirm the judgment of the trial court.

In January 1977, the defendant was charged with second-degree burglary of a dwelling[1] and theft.[2] As a result of plea negotiations, on April 12, 1978 the defendant entered a plea of guilty to the theft charge, and the charge of second-degree burglary of a dwelling was dismissed. Sentence was imposed on April 21, 1978.

I.

The defendant argues that a sentence of seven to ten years in this case is excessive because (1) the crime for which defendant was sentenced did not involve violence, and he has never been involved in any crime of violence, (2) the defendant's age of nineteen years at the time of sentencing indicates that rehabilitation is possible, and (3) the length of the sentence reduces the possibility of any rehabilitative effect because there can be no meaningful parole consideration.

Appellate courts, when reviewing sentences for excessiveness, must consider the nature of the offense, the character of the offender, and the public interest in safety and deterrence. E. g., People v. Cohen, Colo., 617 P.2d 1205 (1980); People v. Scott, Colo., 615 P.2d 35 (1980); People v. Warren, Colo., 612 P.2d 1124 (1980); People v. Malacara, Colo., 606 P.2d 1300 (1980); Triggs v. People, 197 Colo. 229, 591 P.2d 1024 (1979); People v. Duran, 188 Colo. 207, 533 P.2d 1116 (1975). Applying those considerations to the facts of this case, we find that the record supports the sentence imposed. Although the crime did not involve violence, the defendant's extensive criminal and juvenile record justifies the sentence. The record clearly indicates that the trial judge considered the possibility of rehabilitation of the defendant, along with other criteria relevant to sentencing, and concluded that in light of all the facts a seven year minimum sentence was appropriate.

Sentencing involves the exercise of judicial discretion, and a sentencing judge has wide latitude in arriving at his final

1. Section 18–4–203, C.R.S. 1973 (1978 Repl. Vol. 8).

2. Section 18–4–401, C.R.S. 1973 (1978 Repl. Vol. 8).

decision. *E. g., People v. Cohen, supra; People v. Warren, supra; Triggs v. People, supra; People v. Duran, supra.* Absent a clear abuse of discretion we will not substitute our judgment for that of the trial court. *Triggs v. People, supra; People v. Duran, supra.*

## II.

The defendant also argues that he is entitled to resentencing under the presumptive sentencing provisions of either the 1977 version of House of Bill 1589, Colo.Sess. Laws 1977, ch. 216, 18–1–105 at 867, or the 1979 version of House Bill 1589 (codified in section 18–1–105, C.R.S. 1973 (1980 Supp. to 1978 Repl.Vol. 8)). Specifically, the defendant argues that the Governor usurped the legislature's power in his call for a special session of the General Assembly, and, in addition, that section 25 of House Bill 1589, as amended in March 1979, infringes on the rule-making authority of this court and is therefore unconstitutional. These arguments have been resolved adversely to the defendant in *People v. McKenna,* Colo., 611 P.2d 574 (1980), and we have adhered consistently to that decision. *E. g., Tacorante v. People,* Colo., 624 P.2d 1324 (1981); *People v. Lopez,* Colo., 624 P.2d 1301 (1981); *People v. Scott, supra; People v. Foster,* Colo., 615 P.2d 652 (1980); *People v. Cunningham,* Colo., 614 P.2d 886 (1980); *People v. Cameron,* Colo., 613 P.2d 1312 (1980); *People v. Triggs,* Colo., 613 P.2d 317 (1980); *People v. Warren, supra.*

The judgment is affirmed.