The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Willie Albert JONES, Defendant-Appellant.

The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Kenneth G. GARCIA, Defendant-Appellant.

Nos. 80SA486, 80SA495.

Supreme Court of Colorado.

April 20, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendants-appellants.

HODGES, Chief Justice.

The defendants-appellants in both of these cases appealed a trial court's denial of motions for reduction of sentence. In both cases, only questions of law, which are precisely the same, are presented. We have therefore consolidated the cases for purposes of this opinion.

 Both defendants argue that each is entitled to be resentenced under Colorado's new presumptive sentencing scheme. Specifically, each argues that the 1977 version of this amendatory legislation, H.B. 1589, Colo.Sess.Laws 1977, ch. 216 at 867, became law on July 1, 1978 because the governor's call for a special session of the General Assembly to delay the effective date of this legislation usurped a legislative power in violation of the separation of powers doctrine. The defendants argue that section 25 of the 1979 version of H.B. 1589, Colo. Sess.Laws 1979, ch. 157 at 672, which states that "[t]his act shall take effect July 1, 1979, shall apply to offenses committed on or after said date, and, notwithstanding any other provision of law or court rule, shall not apply to offenses committed prior to said date," infringes on this court's rule-making authority and is therefore unconstitutional. We rejected these arguments in *People v. McKenna*, Colo., 611 P.2d 574 (1980), and have consistently adhered to that opinion. *See People v. Colasanti*, Colo., 626 P.2d 1136 (1981), and the cases cited therein, which is being announced simultaneously with this opinion.

 The defendants assert that even if the 1977 version of H.B. 1589 was effectively delayed until April 1, 1979 by H.B. 1001, Colo.Sess.Laws 1978, ch. 1 at 2 (First Extraordinary Session), nevertheless, the 1977 version of H.B. 1589 was effective from April 1, 1979 until July 1, 1979 when it was replaced by the 1979 version of H.B. 1589. We rejected this argument in *People v. Tacorante,* Colo., 624 P.2d 1324 (1981).

The judgments of the trial court in both cases are affirmed.

ROVIRA, J., does not participate.