The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Gilbert Anthony CABRAL, Defendant-Appellant.

No. 80SA212.

Supreme Court of Colorado, En Banc.

May 11, 1981.
Rehearing Denied June 22, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

Defendant Cabral appeals the trial court's disposition of his motion for reconsideration of his sentence, and his request to be resentenced under the amendatory sentencing legislation of H.B. 1589. We affirm the judgment of the trial court.

The defendant was charged with several counts of aggravated robbery, section 18–4–302, C.R.S. 1973 (1978 Repl.Vol. 8), crime of violence, section 16–11–309, C.R.S. 1973 (1978 Repl.Vol. 8), and habitual criminal, section 16–13–101, C.R.S. 1973 (1978 Repl.Vol. 8). In return for the defendant's plea of guilty to one count of aggravated robbery and one count of crime of violence, the remaining charges were dismissed. On February 6, 1979, the defendant was sentenced to a term of twenty-two to thirty years to run concurrently with an eight to ten year sentence the defendant received on a theft charge in another division of the court. Both these sentences were to be served consecutively to a term the defendant was then serving. On defendant's motion to reconsider his sentence, the trial court reduced his sentence to a term of sixteen to twenty-two years, but denied his request to be resentenced under the presumptive sentencing scheme of H.B. 1589, which had not yet become effective.

The defendant first contends that in imposing sentence, the trial court improperly considered the possibility of an executive commutation under H.B. 1589. The trial court made no more than an editorial comment on the effect of the amendatory legislation of H.B. 1589, and the record fails to support the defendant's assertion that he may have been given a greater sentence because of the possibility of executive clemency.

Rather, the trial court granted the defendant's motion for reconsideration of sentence and reduced the sentence considerably. The record clearly reveals that the trial court attempted to fashion a proper sentence in this case, while also considering the reduced range of sentences under H.B. 1589. *See generally People v. Cohen*, Colo., 617 P.2d 1205 (1980). The trial court expressly reduced the defendant's sentence to "give him some benefit" of the amendatory legislation, and to also harmonize his sentence with a sentence which would be imposed under the new legislation upon future defendants with similar records.

The remaining arguments that the defendant was entitled to be sentenced under H.B. 1589 have been rejected in *People v. McKenna*, Colo., 611 P.2d 574 (1980), and we continue to adhere to that decision. *See, e. g., People v. Trujillo*, Colo., 627 P.2d 737.

The judgment is affirmed.