The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Terrance Wayne KERNS,
Defendant-Appellant.

No. 80SA319.

Supreme Court of Colorado,
En Banc.

June 1, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Morgan Rumler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

Defendant Kerns appeals the trial court's denial of his motion to reduce sentence. He also asserts in this appeal that he is entitled to be resentenced in conformity with the amendatory legislation of H.B. 1589. We affirm.

The defendant was charged with possession of cocaine, section 12–22–302, C.R.S. 1973 (1978 Repl. Vol. 5), sale of cocaine, section 12–22–302, C.R.S.1973 (1978 Repl. Vol. 5), possession of cannabis, section 12–22–404(1)(a), C.R.S.1973 (1978 Repl. Vol. 5), and sale of cannabis, section 12–22–404(1)(a), C.R.S.1973 (1978 Repl. Vol. 5). In return for the defendant's plea of guilty to one count of sale of cocaine, the remaining charges were dismissed. On May 12, 1978, the defendant was sentenced to a term of six to twelve years. Several months later, he filed a motion for reduction of sentence pursuant to Crim.P. 35(a).[1] This motion was denied as was the defendant's subsequent motion for reconsideration. On appeal, the defendant now argues that he is also entitled to be resentenced under the amendatory legislation of H.B. 1589.

In *People v. Malacara*, Colo., 606 P.2d 1300 (1980), we held that there is no right of appeal to the denial by a trial court of a Crim.P. 35(a) motion where the issue presented and resolved by the trial court concerns the propriety of the sentence. *See also People v. Foster*, Colo., 615 P.2d 652 (1980). The only issue presented to the trial court pertained to the propriety of the sentence. We therefore decline to consider this issue.

The remaining argument, presented for the first time on this appeal, that the defendant is entitled to be resentenced under H.B. 1589 has been rejected in *People v. McKenna*, Colo., 611 P.2d 574 (1980), and we continue to adhere to that decision. *See, e. g., People v. Trujillo*, Colo., 627 P.2d 737 (1981).

The judgment is affirmed.

1. Crim.P. 35 has since been extensively amended effective November 13, 1979. *See* Crim.P. 35 (1980 Cum.Supp.).