The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Alfred La Salle FRANCIS,
Defendant-Appellant.

No. 80SA35.

Supreme Court of Colorado,
En Banc.

June 22, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo., State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

QUINN, Justice.

The defendant, Alfred La Salle Francis, appeals from a sentence imposed as a result of his guilty plea to sexual assault in the first degree.[1] The original sentence was

---

1. This appeal was originally filed in the court of appeals and, in accordance with sections 13–4–102(1)(b) and 13–4–110, C.R.S.1973, the case was transferred to this court because the defendant questions the constitutionality of the nonretroactive effect of section 25 of House Bill 1589, as amended in March, 1979, Colo.Sess. Laws 1979, ch. 157, sec. 25 at 672, and claims entitlement to resentencing under the 1977 version of House Bill 1589, Colo.Sess.Laws 1977, ch. 216, 18–1–105 at 867. We resolved these issues adversely to the defendant in *People v.*

*McKenna,* Colo., 611 P.2d 574 (1980). Although the briefs were filed in this case prior to the *McKenna* opinion, we have rejected no less than 26 times following the *McKenna* decision these and similar claims relating to the constitutionality of, and resentencing under, the 1977 and 1979 versions of H.B. 1589. Consequently, no longer can we consider these contentions as anything but frivolous. The following cases, all decided after *McKenna,* compel us to reject without further discussion the defendant's constitutional claims directed to H.B. 1589. *People*

for a term of twenty-two to thirty years,[2] but while an appeal from that sentence was pending the district court reduced the sentence to a term of fifteen to thirty years. We dismiss the appeal and remand the case for further proceedings.

The defendant was charged in the District Court of El Paso County in two separate cases. In criminal action number 26124 he was charged with sexual assault in the first degree,[3] felony menacing[4] and a crime of violence.[5] These charges were based upon an episode occurring on August 5, 1977. The defendant, then a 29 year old enlisted man in the army, met a young woman at a discotheque in Colorado Springs and offered to drive her home. She accepted but, instead of taking her home, the defendant drove to a deserted location in El Paso County where he caused her to

submit to sexual intercourse by threatening her with a knife. In criminal action number 26069 the defendant was charged in a five-count information with sexual assault in the first degree,[6] first degree kidnapping,[7] felony menacing,[8] assault in the third degree[9] and a crime of violence.[10] These charges arose out of a separate criminal episode which occurred in El Paso County on September 15, 1977, and involved a different victim.

Pursuant to a plea agreement the district attorney reduced the charge of sexual assault in the first degree from a class 2 to a class 3 felony in criminal action number 26124 and the defendant entered a plea of guilty to that offense in consideration of all other pending charges being dismissed. On the date of the offense to which the defendant pled guilty, sexual assault in the first

v. *Trujillo*, Colo., 631 P.2d 146 (1981); *People v. Moody*, Colo., 629 P.2d 102 (1981); *People v. Kerns*, Colo., 629 P.2d 575 (1981); *People v. Martinez*, Colo., 628 P.2d 608 (1981); *People v. Cabral*, Colo., 629 P.2d 575 (1981); *People v. Soper, Jr.*, Colo., 628 P.2d 604 (1981); *People v. Magee*, Colo., 626 P.2d 1139 (1981); *People v. Colasanti*, Colo., 626 P.2d 1136 (1981); *People v. Jones and Garcia*, Colo., 627 P.2d 254 (1981); *People v. Stewart*, Colo., 626 P.2d 685 (1981); *People v. Trujillo*, Colo., 627 P.2d 737 (1981); *People v. Romero*, Colo., 626 P.2d 660 (1981); *People v. Scott*, Colo., 626 P.2d 1130 (1981); *People v. Shuldham*, Colo., 625 P.2d 1018 (1981); *People v. Lopez*, Colo., 624 P.2d 1301 (1981); *People v. Horne*, Colo., 619 P.2d 53 (1980); *People v. Hall*, Colo., 619 P.2d 492 (1980); *People v. Self*, Colo., 615 P.2d 693 (1980); *People v. Scott*, Colo., 615 P.2d 35 (1980); *People v. Espinosa*, Colo., 614 P.2d 889 (1980); *People v. Cunningham*, Colo., 614 P.2d 886 (1980); *People v. Foster*, Colo., 615 P.2d 652 (1980); *People v. Cameron*, Colo., 613 P.2d 1312 (1980); *People v. Watkins*, Colo., 613 P.2d 633 (1980); *People v. Warren*, Colo., 612 P.2d 1124 (1980); *People v. Triggs*, Colo., 613 P.2d 317 (1980). *See also Tacorante v. People*, Colo., 624 P.2d 1324 (1981).

2. The sentence imposed was 22–30 years but the court credited the defendant with one year of presentence confinement on the minimum term of the sentence only, thereby resulting in a net sentence of 21–30 years. We recently held in *People v. Scott*, Colo., 626 P.2d 1130, 1132 (1981), that "where, as here, the trial court grants credit for presentence confinement against one end of a sentence, justice requires that such credit apply against both the minimum and the maximum term of the sentence."

3. Section 18–3–402, C.R.S.1973 (1978 Repl. Vol. 8). The information alleged that the defendant caused submission of the victim by the actual application of physical force or violence, or by the threat of death or serious bodily injury, and that the defendant was armed with a deadly weapon. As charged, sexual assault in the first degree was a class 2 felony carrying a penalty of 10 to 50 years. Sections 18–3–402(2) and 18–1–105(1), C.R.S.1973 (1978 Repl. Vol. 8).

4. Section 18–3–206, C.R.S.1973 (1978 Repl. Vol. 8).

5. Section 16–11–309, C.R.S.1973 (1978 Repl. Vol. 8). Subsection 16–11–309(2) defines a crime of violence as "a crime in which the defendant used, or possessed and threatened the use of, a deadly weapon during the commission of a crime of . . . sexual assault . . . ."

6. Section 18–3–402, C.R.S.1973 (1978 Repl. Vol. 8).

7. Section 18–3–301, C.R.S.1973 (1978 Repl. Vol. 8).

8. Section 18–3–206, C.R.S.1973 (1978 Repl. Vol. 8).

9. Section 18–3–204, C.R.S.1973 (1978 Repl. Vol. 8).

10. Section 16–11–309, C.R.S.1973 (1978 Repl. Vol. 8).

degree carried a penalty of 5–40 years.[11] On March 6, 1978, the court sentenced the defendant to a term of twenty-two to thirty years. The defendant filed a notice of appeal on March 10, 1978. On May 31, 1978, while the sentencing appeal was pending, the defendant filed a motion for reduction of sentence pursuant to Crim.P. 35(a). The court on June 9, 1978, reduced the sentence to a term of fifteen to thirty years *nunc pro tunc* March 6, 1978.

Although this appeal was taken from the original 22–30 year sentence and that sentence was later reduced to a term of 15–30 years, the defendant nevertheless claims that this latter sentence also is excessive. The defendant's challenge to the intrinsic fairness of his sentence must be determined in accordance with the statutes and rules of procedure which were operative throughout the sentencing proceedings in this case.

■ Section 18–1–409(1), C.R.S.1973 (1978 Repl. Vol. 8), authorizes an appellate review of a sentence in accordance with "procedures . . . provided by supreme court rule." [12] Both subsection 18–1–409(3) and C.A.R. 4(c)(2)(IV) permit the appellate court to affirm the sentence, to substitute some penalty available to the sentencing court other than probation or other conditional release, or to remand the case for further proceedings and for resentencing on the basis of such proceedings. At all times pertinent to this case Crim.P. 35(a) prohibited the sentencing court from reducing "a

sentence reviewed by an appellate court pursuant to C.A.R. 4(c) except as ordered by the reviewing court." We recently held in *People v. Foster*, Colo., 615 P.2d 652 (1980), that, on the basis of this language in Crim.P. 35(a), a trial court is without jurisdiction to hear a defendant's motion for reduction of sentence during the pendency of a sentencing appeal taken pursuant to section 18–1–409 and C.A.R. 4(c). Thus, since the defendant's sentencing appeal had been initiated prior to his filing of the motion for reduction, and since that appeal was still pending when the motion for reduction came on for hearing, the trial court, under the then existing rules governing sentencing review, was without jurisdiction to reduce the sentence in the absence of a remand from the appellate court for that purpose.[13]

■ The trial court's reduction of the defendant's sentence, although in excess of its jurisdiction, nevertheless indicates that it believed the interests of society and the defendant warranted some reduction in the minimum term. Under the circumstances of this case we conclude that it is appropriate to remand the case to the trial court for further proceedings in connection with the defendant's motion for reduction under Crim.P. 35(a). If the defendant elects to proceed on his motion for reduction and the trial court grants the reduction, the defendant will be foreclosed from any further

---

11. Section 18–1–105(1), C.R.S.1973 (1978 Repl. Vol. 8). Class 3 felonies committed on or after July 1, 1979, now carry a presumptive penalty of 4 to 8 years, plus one year of parole. If the court finds that extraordinary mitigating or aggravating circumstances exist, it may impose, in mitigation, a sentence which is no less than one-half the minimum term in the presumptive range or, in aggravation, a sentence which is not greater than twice the maximum term in the presumptive range. Section 18–1–105(1)(a) and (6), C.R.S.1973 (1980 Supp.).

12. This section was amended in 1979, section 18–1–409(1), C.R.S.1973 (1980 Supp.), but not in any manner significant to this case. The amended version still authorizes one appellate review of the propriety of the sentence in accordance with procedures provided by supreme court rule.

13. Crim.P. 35 has been amended effective November 13, 1979. The language of the rule construed in *People v. Foster*, Colo., 615 P.2d 652 (1980), as preclusive of the trial court's jurisdiction to reduce a sentence pending the outcome of a sentencing appeal, has been deleted from the present version of the rule. Crim.P. 35(b) now expressly authorizes a trial court to reduce a sentence on the defendant's motion filed within 120 days after the imposition of sentence *or on the court's own initiative* within 120 days after sentence is imposed, or within 120 days after receipt of a remittitur affirming the judgment or dismissing the appeal, or within 120 days after entry of an appellate order or judgment denying review or upholding the judgment or sentence. (Emphasis added.) Crim.P. 35(a), C.R.S.1973 (1980 Supp.).

appellate review of that reduced sentence under *People v. Malacara,* Colo., 606 P.2d 1300 (1980). *See also People v. Kerns,* Colo., 629 P.2d 102 (1981) (S.Ct. No. 80SA319, announced June 1, 1981); *People v. Foster, supra.* If, on the other hand, the defendant elects to withdraw his motion for reduction or the trial court denies the motion, the defendant will be permitted to reinstate this appeal by notifying this court in writing that he has withdrawn his motion for a sentence reduction or the trial court has denied it. Upon such notification we will address the intrinsic fairness of the original 22–30 year sentence under appropriate standards of appellate review. *See, e. g., People v. Martinez,* Colo., 628 P.2d 608 (1981); *People v. Cohen,* Colo., 617 P.2d 1205 (1980); *People v. Warren,* Colo., 612 P.2d 1124 (1980).

The appeal is dismissed, subject to reinstatement upon the defendant's election to withdraw his motion for a sentence reduction or the trial court's denial of that motion. The cause is remanded to the district court for further proceedings consistent with the views herein expressed.