**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**James M. WALTERS, Defendant-Appellant.**

**No. 79SA379.**

Supreme Court of Colorado, En Banc.

June 29, 1981.

Rehearing Denied Aug. 24, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

The defendant-appellant, James M. Walters, appeals his sentence to the Colorado state penitentiary for a term of four to four and one-half years. We affirm.

The defendant was charged with theft by deception of more than $200, a class four felony. Section 18–4–401, C.R.S. 1973 (now in 1978 Repl. Vol. 8). As part of a plea agreement he pled guilty to attempted theft by deception, a class five felony. Section 18–2–101, C.R.S. 1973 (now in 1978 Repl. Vol. 8). Class five felonies are punishable by a maximum sentence of five years. Section 18–1–105, C.R.S. 1973 (now in 1978 Repl. Vol. 8).

The probation report recommended that the defendant be sentenced to a term of between one and five years. It further stated that he was not a proper subject for probation since he had previously been convicted of sexual assault on a child, a felony, and was on parole for that offense at the time he was arrested on the present charge.

We do not agree with defendant's argument that the trial court abused its discretion in imposing a sentence which was close to the maximum sentence for this offense.

A trial court has wide discretion in arriving at a decision concerning an appropriate sentence after considering the nature of the offense, the character of the offender, and the public interest in safety and deterrence. *See, e. g., People v. Trujillo,* Colo., 627 P.2d 737 (1981); *People v. Cohen,* Colo., 617 P.2d 1205 (1980); *People v. Scott,* Colo., 615 P.2d 35 (1980). There must be sufficient facts in the record to support the trial court's final decision. *See generally Triggs v. People,* 197 Colo. 229, 591 P.2d 1024 (1979); *People v. Strong,* 190 Colo. 189, 544 P.2d 966 (1976); *People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975).

The sentence imposed on this defendant is justified by the record, which reveals that he was on parole at the time he was arrested and charged with theft by deception. By so violating the provisions of his parole, he has demonstrated a recidivist inclination and an inability to benefit from a rehabilitation program outside the confines of prison. Under these circumstances the trial court's imposition of a four to four and one-half years sentence was not an abuse of discretion.

The judgment of the trial court is affirmed.[1]

---

1. The defendant also argues that he was entitled to be resentenced under the amendatory legislation of H.B. 1589. The arguments raised by the defendant have been often rejected by this court, and have no merit. *See People v. McKenna,* Colo., 611 P.2d 574 (1980). *See also, e. g., People v. Trujillo, supra; Tacorante v. People,* Colo., 624 P.2d 1324 (1981); *People v. Lopez,* Colo., 624 P.2d 1301 (1981); *People v. Francis,* Colo., 630 P.2d 82, n.1 (1981).