638 P.2d 65 (1981)
The PEOPLE of the State of Colorado, Petitioner,
v.
DISTRICT COURT In and For the SECOND JUDICIAL DISTRICT of the State of Colorado and Honorable Clifton A. Flowers, one of the Judges thereof, Respondents.
No. 81SA417.
Supreme Court of Colorado, En Banc.
December 14, 1981.
Rehearing Denied December 28, 1981.
*66 Dale Tooley, Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Guy Till, Deputy Dist. Atty., Denver, for petitioner.
J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for respondents.
HODGES, Chief Justice.
In this original proceeding, we issued a rule on the People's petition to show cause why respondent district court's order granting the defendant's Crim.P. 35(b) motion for reduction of sentence should not be voided on the ground that the respondent court lacked jurisdiction to enter this order because the case is on appeal in this court. The district court had previously granted the defendant's Crim.P. 35(c) motion to vacate judgment. The People appealed that order to this court and the appeal is currently pending. The rule is made absolute.
On September 9, 1977, the defendant, Cecil Moody, was convicted of aggravated robbery in Denver District Court and was sentenced to imprisonment for 20-35 years. We affirmed this judgment in People v. Moody, Colo., 630 P.2d 74 (1981).
On June 2, 1981, the district court conducted a hearing on the defendant's Crim.P. 35(c) motion and ruled that defendant had not been brought to trial in 1977 within the time requirements of the Interstate Agreement on Detainers, section 24-60-501, C.R. S.1973. The defendant's motion was granted, and it was ordered that the judgment of conviction be vacated and all charges dismissed. This order was stayed pending the People's appeal which was perfected on June 10, 1981, and is currently pending in this court in Case No. 81SA259. Defendant filed a cross-appeal in this matter on June 12, 1981.
On July 28, 1981, defendant filed in the respondent district court a motion for reduction of sentence pursuant to Crim.P. 35(b). The respondent district court granted this motion on September 24, 1981, reducing the defendant's sentence from 20-35 years of imprisonment to 8-12 years. On the following day, September 25, 1981, the People initiated this original proceeding by filing a Petition for Relief in the Nature of Prohibition and Mandamus and for Stay of Proceeding, asserting that the trial court was without jurisdiction to act on the defendant's Crim.P. 35(b) motion while the order granting the defendant's 35(c) motion was on appeal in this court. We issued a show cause rule on October 1, 1981, and stayed the order pending disposition of this original proceeding.
The question presented here is whether the appeal of the district court's judgment granting a Crim.P. 35(c) motion to vacate judgment deprives the district court of jurisdiction to hear a Crim.P. 35(b) motion to modify the judgment by reducing the sentence.
[1] We know of no Colorado case which has treated this specific issue. There is, however, settled authority that after an appeal of a final judgment has been perfected, the trial court is without jurisdiction to entertain any motion for an order affecting the judgment. People v. Jones, Colo., 631 P.2d 1132 (1981) (and cases cited therein). See also People v. Scott, Colo., 626 P.2d 1130 (1981). The reasoning behind this principle is evident. To permit a modification of the judgment of conviction against the defendant while the judgment of conviction is on appeal would undermine the "finality of judgment"[1] upon which the appeal is based. Section 18-1-409, C.R.S. 1973 (1978 Repl.Vol. 8); C.A.R. 4(c). See Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937). Additionally, *67 dual jurisdiction in the trial court and the appellate court to modify, reverse, affirm, or vacate the judgment could result in chaotic judicial administration and wasted court resources.
[2] Crim.P. 35(b)[2] is divided into three alternative subparts, specifying when a motion for reduction of sentence may be filed. We interpret Crim.P. 35(b)(1) to say that a 35(b) motion may be filed within 120 days after the sentence is imposed unless an appeal has been filed, in which case such motion is to be filed "(2) within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or sentence or dismissal of the appeal, or (3) within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence." Thus, by virtue of the appeal of the judgment granting the 35(c) motion and dismissing all charges, jurisdiction of the case is in the appellate court and not in the trial court. Defendant's 35(b) motion may not be heard by the district court until the terms in subpart (2) or (3) of Crim.P. 35(b) have been satisfied. This interpretation is consistent with the rules of statutory construction which state that an entire provision of law is intended to be effective, section 2-4-201, C.R.S.1973, and that words are to be construed according to common usage, section 2-4-101, C.R.S.1973. This is in accord with People v. Jones, supra, and with the requirement that only a "final judgment" may be appealed. In other words, an appeal of a final judgment terminates trial court jurisdiction and does not restore it, under these facts, until the events described in subpart (2) or (3) of Crim.P. 35(b) take place.
Our resolution of the issue in this case does not rule out, in a meritorious situation, the filing of a request in the appellate court for a limited remand to the trial court to entertain a motion to modify the final judgment under appeal.
The respondent district court was without jurisdiction to entertain defendant Moody's Crim.P. 35(b) motion for reduction of sentence. Its ruling thereon is therefore void. The rule is made absolute.
ERICKSON, DUBOFSKY and QUINN, JJ., dissent.
DUBOFSKY, Justice, dissenting.
I respectfully dissent.
The People contend that their appeal of a Crim.P. 35(c) motion to vacate judgment deprives the trial court of jurisdiction to hear the Crim.P. 35(b) motion for reduction of sentence. I see nothing in either Crim.P. 35(b) or Crim.P. 35(c) that would so limit the trial court. The defendant properly filed both his Crim.P. 35(b) motion, which must be filed within 120 days of the trial court's receipt of a remittitur from the appeals court, and his Crim.P. 35(c) motion, which may be filed at any time. The sentence reconsideration under Crim.P. 35(b) is separate from the merits of the People's appeal of the defendant's successful motion under Crim.P. 35(c).[1]
Under the old version of Crim.P. 35 the power to reduce a sentence is suspended during the statutory appeal of a judgment convicting and sentencing a defendant. People v. Francis, Colo., 630 P.2d 82 (1981); People v. Foster, Colo., 615 P.2d 652 (1980). However, we have noted explicitly that the amended Crim.P. 35, effective November *68 13, 1979, does not contain the language of the old provision precluding trial court jurisdiction to reduce a sentence pending the conclusion of an appeal.[2]People v. Francis, supra at 84, n. 13; People v. Foster, supra at 654, n. 3. The effect of the majority's approach in the case before us is to return to the earlier version of Crim.P. 35 applied in Francis and Foster. In my opinion, under the current version of Crim.P. 35, the pendency of an appeal on a Crim.P. 35(c) matter does not preclude trial court consideration of a motion brought under Crim.P. 35(b). Compliance with the terms of Crim.P. 35(b) is all that is required.
The majority's reading of Crim.P. 35(b)(1) essentially modifies it to read that a 35(b) motion may be filed "within 120 days after the sentence is imposed unless an appeal has been filed." The effect of this de facto modification is to force a defendant to choose at the outset between an appeal and a sentence reconsideration motion. Notice of appeal must be filed within 30 days of the entry of judgment, C.A.R. 4(b); Crim.P. 32(c). While theoretically, a defendant could file a Crim.P. 35(b) motion for reconsideration of sentence before the expiration of the 30-day period, rarely as a practical matter will a trial court have additional information not available at sentencing upon which to base its sentence reconsideration. The penitentiary diagnostic center's recommended rehabilitation report is not prepared until the defendant has spent a maximum of ninety days in the center. Section 17-40-103(1), C.R.S.1973.
The language of the majority's opinion sweeps beyond appeals under Crim.P. 35(c) to encompass all appeals of final judgments in criminal cases, holding that the jurisdiction of a trial court terminates if a final judgment is appealed, and is not restored until resolution of the appeal.[3] While I would not object to a rule which requires a defendant whose conviction or sentence is on appeal to file a motion for a limited remand to the trial court seeking post-trial reconsideration of sentence, I think there are many situations in which the trial court retains jurisdiction during the pendency of an appeal. Section 18-1-410, C.R.S.1973, and Crim.P. 35(c) set forth some of these situations. Another is the provision of the Colorado Diagnostic Program, sections 17-40-101 et seq., C.R.S.1973 (1980 Supp.), which allows a court to grant probation or modify a sentence upon receipt of the diagnostic center's recommended rehabilitation report. Section 17-40-103(1), C.R.S.1973. See People v. District Court, Colo., 636 P. 2d 689 (1981). See also Crim.P. 46(b), Crim.P. 46.1(a)(2) and C.A.R. 9(b) allowing the trial court to consider a defendant's motion for an appeal bond or reduction of an appeal bond during the pendency of an appeal. The majority's broad statement nullifies section 18-1-410, section 17-40-103(1) and Crim.P. 35(c) during the often lengthy period while a defendant awaits an appellate resolution of his case.[4]
I would discharge the rule.
I am authorized to say that Justice ERICKSON and Justice QUINN join in this dissent.
NOTES
[1] A final judgment was defined in Stillings v. Davis, 158 Colo. 308, 406 P.2d 337, 338 (1965), as "one which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding."
[2] Crim.P. 35(b) reads:

(b) Reduction of Sentence. The court may reduce the sentence provided that a motion for reduction of sentence is filed (1) within 120 days after the sentence is imposed, or (2) within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or sentence or dismissal of the appeal, or (3) within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence. The court may, after considering the motion and supporting documents, if any, deny the motion without a hearing. The court may reduce a sentence on its own initiative within any of the above periods of time.
[1] The defendant is not entitled to appeal a reconsideration of a sentence by a trial judge based on a Crim.P. 35(b) motion. People v. Malacara, 199 Colo. 243, 606 P.2d 1300 (1980).
[2] Crim.P. 35(a) at issue in Francis and Foster provided that "[t]he [trial] court may not reduce a sentence reviewed by an appellate court pursuant to C.A.R. 4(c) except as ordered by the reviewing court."
[3] People v. Jones, Colo., 631 P.2d 1132 (1981), upon which the majority relies, involved a trial court order entered after an appellate decision but before the mandate issued; it was not a Crim.P. 35 case.
[4] The defendant here waited three and three-quarters years for appellate resolution of his conviction.